**PARLANE SPORTSWEAR COMPANY, INC., Plaintiff, Appellant,**

v.

**Caspar WEINBERGER et al.,
Defendants, Appellees.**

**No. 74–1411.**

United States Court of Appeals,
First Circuit.

Argued April 6, 1975.

Decided April 17, 1975.

Evan T. Lawson, Boston, Mass., with whom Judith E. Turtz and Lawson & Wayne, Boston, Mass., were on brief, for plaintiff-appellant.

Patrick F. Brady, Boston, Mass., with whom Nutter, McClennen & Fish, Boston, Mass., was on brief, for Trustees of Tufts College, defendant-appellee.

Marshall D. Stein, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for Caspar Weinberger, defendant-appellee.

Before ALDRICH, McENTEE, and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Plaintiff Parlane had manufactured women's sportswear at 57 Kneeland Street in Boston since 1959. In 1969 Tufts University purchased the building but continued to lease the premises to Parlane. In 1971 and 1972 the National Institutes of Health, a subsidiary division of HEW, awarded substantial grants to Tufts under 42 U.S.C. §§ 281 et seq. and §§ 291 et seq. for personnel, equipment, alterations and renovations to expand Tufts' medical teaching facilities and to establish a Cancer Research Center. Upon receipt of the grants Tufts undertook to evict Parlane from 57 Kneeland Street in order to use the space occupied by Parlane, whose lease had expired, to fulfill the purpose of the grants. By agreement Parlane vacated one of the three floors it occupied, and in May 1973 Tufts obtained a judgment for possession of the two remaining floors and is currently occupying them for purposes of the grants.

In August 1971 Parlane first sought relocation assistance from HEW under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq., but was refused such aid. It then sought a judicial declaration that it was entitled to benefits under the Act but the court dismissed its complaint and Parlane appeals.

The statute extends assistance to persons displaced by the acquisition of real property "for a program or project undertaken by a Federal agency," 42 U.S.C. § 4622(a). HEW's regulations refer to "direct projects of the Department," 45 C.F.R. § 15.5(a), and deny aid to persons displaced by federally assisted projects of private entities, 45 C.F.R. § 15.6.[1] We find no compelling indica-

---

1. More than a year after rejecting Parlane's application HEW amended its regulations to except from this denial private entities acting as agents or contractors of the Department. 45 C.F.R. § 15.6 (1974). The regulation unfortunately leaves these terms undefined. The term "contractor" may sometimes signify any party to a contract (although there is some indication that HEW may regard the grant as a "conditional gift," see Wahba v. New York

tions that HEW's contemporaneous construction of the statute is wrong. New York Dept. of Social Services v. Dublino, 413 U.S. 405, 421, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973). The committee report states that the statute is aimed at alleviating the hardships of displacement for "public works projects" and "public improvement programs," H.R.Rep. No. 1656, 91st Cong., 2d Sess. (1970), *reprinted in* 1970 U.S.Code Cong. & Admin. News, pp. 5850, 5851–52; and none of the examples furnished therein (highways, reservoirs, public buildings, facilities or services, urban renewal projects, hospitals), approximate the arrangement here, which Tufts initiated and administers. *Cf.* Wahba v. New York University, 492 F.2d 96, 100 & n. 3 (2d Cir. 1974). Parlane contends that the phrase "federal financial assistance" appearing in the statutory definition of displaced persons, § 4601(6), and statement of policy, § 4621, demonstrates an intent to include all such projects. But we are satisfied, especially in light of the committee report, that this phrase was intended to cover only such assistance to State agencies. *See* H.R.Rep. No. 1656, *supra* at 5853, 5865. Finally, Representative Ryan criticized the Act shortly before it was enacted because it "does not cover displacement arising from construction by private institutions—such as schools and hospitals—even though they, too, may be receiving federal financial assistance," 116 Cong.Rec. 41254–55 (1970); his own bill, H.R. 609, 91st Cong., 2d Sess. (1970), which would have covered such displacement, was allowed to die in committee. Although statements of opponents of a bill may not be authorita-

tive, they are nevertheless relevant and useful, especially where the proponents make no response to the opponents' criticisms.[2] Arizona v. California, 373 U.S. 546, 583 n. 85, 83 S.Ct. 1468, 10 L.Ed.2d 542 (1963).

We might add that the interpretations sought for by appellant could lead to many difficult situations, if, for example, the federal assistance was merely supplementary to the grantee's own funds and contributions.

Affirmed.

University, 492 F.2d 96, 100 (2d Cir. 1974)), but here it was seemingly used in a sense similar to that in the Miller Act, 40 U.S.C. § 270a(a) (1970), to signify a person awarded a construction or repair contract for a public building or public work. The committee report indicates, H.R.Rep. No. 1656, 91st Cong., 2d Sess. (1970), *reprinted in* 1970 U.S.Code Cong. & Admin.News, pp. 5850, 5853–54, that it is immaterial that a private person actually acquires, builds or holds title to the site if the facility "serves the public and is regarded by the public as a public building." We think the regulation's exception is addressed to such a

situation and is inapplicable here. Compare the definition of "agent" in 42 U.S.C. § 4628.

2. Parlane cites language in a committee report made three years after enactment to the effect that HEW's failure to provide relocation assistance to it violated the original intent of the Act, H.R.Rep. No. 747, 93d Cong., 1st Sess. 2 (1973) but the views of one Congress as to the meaning of statutes enacted by an earlier Congress are entitled to little if any weight. United States v. Southwestern Cable Co., 392 U.S. 157, 170, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968).