**PARLANE SPORTSWEAR CO. and Paul Gold**

v.

**The UNITED STATES.**

No. 536–78.

United States Claims Court.

Nov. 26, 1982.

Neal A. Sanders, Washington, D.C., attorney of record for plaintiff; Sanders & Sanders, P.C., Washington, D.C., of counsel.

Margaret E. McCloskey, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Gerald L. Elston, and Louis A. Mancuso, Washington, D.C., of counsel.

OPINION

SPECTOR, Judge:

The original petition herein alleged a taking without just compensation in violation of the Fifth Amendment of the United States Constitution. More than 2 years later an amended petition was filed alleging breach of an implied-in-fact contract. Plaintiffs have previously pursued two unsuccessful efforts to secure relief in the U.S. District Court on the same facts but different theories. The case is now before this court on cross-motions for summary judgment.

*Statement of Facts*

From 1959 to 1973 plaintiffs (a corporation and its president) operated a women's clothing manufacturing business on leased premises in Boston, Massachusetts. The building, originally owned by the Orvin-Henry Realty Trust, was acquired in 1969 by Tufts University, a privately owned educational institution.

In early 1971, Tufts informed plaintiffs that they would be obliged to vacate the leased premises upon the expiration of the current lease on June 30, 1971. Tufts planned to remodel and occupy the building for its own purposes, namely, to conduct experiments in cancer research funded by a

grant from the National Institutes of Health.

Tufts subsequently extended plaintiffs' lease four times to afford plaintiffs a further opportunity to relocate.[1] Plaintiffs, who could not relocate without considerable expense, sought during the periods of these extensions to defray their moving expenses through an application to the Department of Health, Education and Welfare (HEW) for relocation assistance under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (the Act).[2]

The circumstances immediately surrounding the application to HEW are in dispute and give rise to plaintiffs' present allegation of a contract implied-in-fact. Plaintiff Paul Gold asserts by affidavit that at a meeting on or about June 21, 1971 with HEW officials, the Regional Director of HEW Region 1 promised him relocation assistance once his application was filed, or alternatively (in the event the application was denied) that HEW would fully reimburse his company from grant funds which Congress had allocated to HEW.

That version of the facts is vigorously denied in multiple affidavits offered by defendant. Its agents assert that at no time did they make the promises alleged by plaintiffs. On the contrary, they assert that they expressed their belief that plaintiffs were not eligible for assistance under the Relocation Assistance Act, but that an application should nevertheless be submitted so that the matter could be determined officially. Parlane's application submitted on October 7, 1971 was in fact denied in March of 1972.

By May 11, 1973, Tufts had filed proceedings to evict Parlane from one of the three floors which it continued to occupy following the expiration of its lease[3] and judgment of eviction was entered requiring Parlane to vacate the floor by July 18, 1973. A second action to evict Parlane from the remaining two floors was filed in January 1974, and again resulted in a judgment requiring removal from the rest of the premises, this time by June 1974.

Parlane then sought a declaratory judgment against defendant in the U.S. District Court for Massachusetts. On cross-motions for summary judgment, the court held that plaintiff was not entitled to relocation assistance under the Act.[4] It reasoned that this was not a case of an eviction stemming from the need of a federal agency for one of its own projects, nor from the need of the Commonwealth of Massachusetts to accommodate a state project receiving federal assistance. "Here, the evicting agency is a non-governmental entity that wants the premises in order to carry out a program of its own that is financed by a federal grant."[5] The court dismissed the action on the ground that "[n]owhere in the statute is there any operational provision calling for payments to a person, such as the plaintiff, who is displaced by a private entity that has a grant of Federal financial assistance for its project."[6] The judgment was affirmed on appeal.[7] Three other U.S. Circuit Courts of Appeal are in accord.[8]

Undaunted, Parlane brought a second action in the same U.S. District Court,[9] "alleg-

---

**1.** June 31, 1971–June 30, 1972; June 30, 1972–September 30, 1972; September 30, 1972–January 31, 1973; January 31, 1973–February 28, 1973.

**2.** 42 U.S.C. § 4601 *et seq.*

**3.** *Trustees of Tufts College v. Parlane Sportswear Co., Inc.,* Docket No. 339131, Suffolk County, Massachusetts.

**4.** *Parlane Sportswear Co., Inc. v. Weinberger,* 381 F.Supp. 410 (D.Mass.1974).

**5.** *Id.* at 411.

**6.** *Id.* at 412.

**7.** *Id.* 513 F.2d 835 (1st Cir.), *cert. denied,* 423 U.S. 925, 96 S.Ct. 269, 46 L.Ed.2d 252 (1975).

**8.** *See Dawson v. HUD,* 592 F.2d 1292 (5th Cir. 1979); *Young v. Harris,* 599 F.2d 870 (8th Cir. 1979); *Conway v. Harris,* 586 F.2d 1137 (7th Cir.1978); *Moorer v. HUD,* 561 F.2d 175 (8th Cir.1977), *cert. denied,* 436 U.S. 919, 98 S.Ct. 2266, 56 L.Ed.2d 760 (1978).

**9.** *Parlane Sportswear Co., Inc. v. The United States and Trustees of Tufts College, aka Tufts University,* Civil Action No. 74–5884–MA.

ing a taking for which Parlane is entitled to just compensation." Specifically with respect to defendant Tufts, plaintiff alleged negligence in failing to provide for compensation to plaintiff in applying for and receiving federal grants. With respect to the defendant United States, it alleged "a contractual obligation to reimburse Parlane for the value of the property taken as a result of the federal grants," a tort claim "in that the HEW negligently failed to check Tufts' statement that no compensation would be required," and (by amended complaint) "a taking without just compensation in violation of the Fifth Amendment."

The court held in its Memorandum and Order of June 12, 1978,[10] that "the decision in the first Parlane case is controlling here * * *. The plaintiff is not covered by the Act and the United States has no contractual duty to the plaintiff under the Act." It further found no "taking" by the United States, nor therefore by Tufts as an alleged agent of the United States. Finally, it concluded that:

> [J]urisdiction is lacking because the proper forum for a contract claim against the United States in excess of $10,000 may be heard only by the Court of Claims[11] pursuant to 28 U.S.C. § 1346(b)(2).

On the issue of whether Tufts acted independently in taking the property, the court observed that:

> [T]he record shows Tufts finally occupied the entire premises in May, 1973. Parlane no longer had a leasehold interest at that time except as tenant by sufferance, the lease having finally expired on February 28, 1973. Tufts was the rightful owner and pursued its ownership by summary process pursuant to state law.

The motion to dismiss by each defendant was allowed.

Accordingly, this action represents the third effort by plaintiffs to pursue their various theories of relief. A petition was filed here December 11, 1978 alleging a "taking" without just compensation contrary to the Fifth Amendment. The petition was amended April 22, 1981 to substitute a demand for judgment[12] based on alleged breach of an implied-in-fact contract.

 This third (and hopefully last) action is also without merit. The prior decisions of the U.S. District Court[13] are controlling on the basic issue, namely, that plaintiff is not covered by the Act, and that the United States therefore has no contractual duty to the plaintiffs under the Act. Even if it is now assumed, *arguendo,* that Government officials promised assistance to plaintiffs under the Act, they would have no authority to make any such promise[14] because it has been held, and correctly so, that plaintiffs are not covered by the Act.[15]

 It is axiomatic that:

> One who purports to contract with the United States assumes the risk that the official with whom he deals is clothed with the actual authority to enter the contract alleged.[16]

The United States is not bound by its agents acting beyond their authority.[17] Ac-

---

**10.** Unpublished.

**11.** Now U.S. Claims Court under the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (1982).

**12.** By plaintiff Parlane for $2,500,000, and by plaintiff Gold, (president and owner of substantially all of Parlane's stock) for $650,000.

**13.** The first of which was affirmed by the 1st Circuit, whose decision is in accord with those of three other circuits (*see* notes 7 and 8, *supra*).

**14.** *See,* for example, *Yosemite Park and Curry Co. v. United States,* 217 Ct.Cl. 360, 370, 582 F.2d 552, 558 (1978).

**15.** Moreover, plaintiffs had no property interest in the premises within the contemplation of the Act when they were evicted by Tufts. Their lease had by then expired.

**16.** *See Yosemite,* note 14, *supra,* 217 Ct.Cl. at 370, 582 F.2d 552, citing *Haight v. United States,* 209 Ct.Cl. 698, 538 F.2d 346, *cert. denied,* 429 U.S. 841, 97 S.Ct. 116, 50 L.Ed.2d 110 (1976).

**17.** *See Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10

cordingly, there are no proofs of statements or actions by Government agents which plaintiffs could adduce at trial that could overcome that rule. Viewing the facts alleged in the light most favorable to plaintiffs, they could not establish the existence of an implied-in-fact contract.

The foregoing considered, defendant's motion for summary judgment is granted, plaintiffs' cross-motion for summary judgment is denied, and plaintiffs' petition shall be dismissed.

(1947); *Jackson v. United States,* 216 Ct.Cl. 25, 41, 573 F.2d 1189 (1978); *Porter, et al. v. United States,* 204 Ct.Cl. 355, 366, 496 F.2d 583 (1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761 (1975); *Putnam Mills Corp. v. United States,* 202 Ct.Cl. 1, 9, 479 F.2d 1334 (1973).