Mrs. Bonnie M. BOURNE

v.

James R. SCHLESINGER et al.

Civ. A. No. 75–706.

United States District Court,
E. D. Pennsylvania.

Feb. 2, 1977.

Michael Sklaroff, Deena J. Schneider,
James M. Mabon, Jr., Schnader, Harrison,

Segal & Lewis, Philadelphia, Pa., for plaintiff.

David W. Marston, U. S. Atty., Frank J. Bove, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

In this action plaintiff seeks judicial review of a decision by the Army Corps of Engineers on her claim for benefits under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 *et seq.* (the Act). Both the plaintiff and the defendants have moved for summary judgment. We have determined that the facts are not disputed and that these motions raise only questions of law. The undisputed facts are as follows:

Plaintiff and her late husband acquired property and a house in Shawnee-on-the-Delaware, Pennsylvania in 1952. On June 15, 1970, the United States filed a Complaint in Condemnation with respect to plaintiff's property as part of the Tocks Island Lake Project. As a result of the acquisition plaintiff vacated the premises on July 17, 1971 and obtained replacement housing. On March 20, 1972, plaintiff filed an application with the United States Army Corps of Engineers in Philadelphia (Corps) requesting relocation payment in the amount of $500 as reimbursement for moving expenses and replacement housing payment in the amount of $34,412.93. Plaintiff was notified by Joseph H. Cooke, the Chief of the Real Estate Division of the Army Corps of Engineers, that her $500 claim for moving expenses was granted but that her claim for $34,412.93 was denied. The denial of the replacement housing payment was based on the Corps' finding that her condemned house was not her permanent residence and therefore not a "dwelling" within the meaning of 42 U.S.C. § 4623 or § 4624.

Plaintiff filed an appeal with the District Office of the Corps which was denied by Woodrow Berge, Director of Real Estate of the Corps, on June 14, 1974. Plaintiff then filed, on December 4, 1974, a Petition Supplementary to Appeal, requesting reconsideration of the decision. The Corps' Director of Real Estate reversed his previous decision and ruled on February 10, 1975 that plaintiff's house was a "dwelling" within the meaning of the Act. He also determined that pursuant to the Act plaintiff was not an "owner" and could not receive the benefits payable to an owner pursuant to 42 U.S.C. § 4623, but that she could receive the lower payments awarded to a tenant pursuant to 42 U.S.C. § 4624. In order to determine the amount to which plaintiff is entitled, the District Office requested plaintiff to provide a copy of the closing statement on the replacement dwelling that she acquired. A final determination of the payment due plaintiff has not been made because she had not, at the time of the filing of this action, supplied the requested information.

Plaintiff filed this action on March 11, 1975, requesting this Court to reverse the decision of the Corps that plaintiff was not entitled to the benefits provided for an owner under 42 U.S.C. § 4623. The final determination of the Corps was that the plaintiff is entitled to payment under 42 U.S.C. § 4624. The Corps apparently based its determination on the fact that the plaintiff's property was condemned on June 15, 1970, prior to the enactment of the Uniform Relocation Act on January 2, 1971.

Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. § 2201; the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706; and the Uniform Relocation Assistance and Real Property Acquisition Act, 42 U.S.C. § 4601 *et seq.*

The defendants' only attack on jurisdiction is their contention that because the plaintiff seeks a money judgment against the United States and the United States has not consented to be sued, the doctrine of sovereign immunity bars the suit.

The defense of sovereign immunity is jurisdictional. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The test to determine whether a suit is against the sovereign is set forth in

*Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963):

> [t]he general rule is that a suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009 [91 L.Ed. 1209] (1947), or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act." *Larson v. Domestic & Foreign Corp.,* supra, 337 U.S. [682] at 704, 69 S.Ct. [1457] at 1468, [93 L.Ed. 1628]; *Ex parte New York,* 256 U.S. 490, 502, 41 S.Ct. 588, 591 [65 L.Ed. 1057] (1921).

Applying the general rule recognized by the Supreme Court, this action is not one against the sovereign.[1] The thrust of the plaintiff's complaint is that she is seeking a judicial review of the administrative determination that she was not an owner pursuant to 42 U.S.C. § 4623. In addition, the plaintiff in her memorandum of law filed in opposition to the defendants' motion specifically states that this action is "what it claims to be, to wit, a petition for judicial review of a Federal administrative determination."[2]

Several Courts have reviewed the provisions of the Uniform Relocation Act. *Parlane Sportswear Company, Inc. v. Weinberger,* 513 F.2d 835 (1st Cir. 1975), *cert. denied,* 423 U.S. 925, 96 S.Ct. 269, 46 L.Ed.2d 252; *La Raza Unida of Southern Alameda County v. Volpe,* 488 F.2d 559 (9th Cir. 1973), *cert. denied,* 417 U.S. 968, 94 S.Ct. 3171, 41 L.Ed.2d 1138; *Dascalakais v. Department of Housing and Urban Development and RDA,* C.A. No. 75–2060, filed January 21, 1977 (E.D.Pa.); *Lewis v. Brinegar,* 372 F.Supp. 424 (D.C.Mo.1974); *Young v. Harder,* 361 F.Supp. 64 (D.C.Kan.1973); *Keith v. Volpe,* 352 F.Supp. 1324 (C.D.Cal. 1972); *Rubin v. Department of Housing and Urban Development,* 347 F.Supp. 555 (E.D.Pa.1972). The Uniform Relocation Act was enacted and became effective on January 2, 1971. The purpose of the Act is to establish a uniform policy for the fair and equitable treatment of persons displaced as a result of Federal and Federally assisted programs.[3] Section 202 of the Act

---

1. In *Warner v. Cox,* 487 F.2d 1301 (5th Cir. 1974), cited by the defendants, the Court held that sovereign immunity barred a suit by a defense supplier against the Secretary of the Navy on an express contract, stating: ". . . [t]his is a contract suit against the United States solely designed to force the sovereign to pay vast sums in advance of its undertaking . . .", *Id.* at 1305.

2. Congress has recently resolved a long-standing split of authority among the Circuit Courts as to whether the APA constitutes a waiver of sovereign immunity. On October 21, 1976, Congress amended the APA so as to remove the defense of sovereign immunity as a bar to judicial review of Federal administrative actions otherwise subject to judicial review. 5 U.S.C. § 702 was amended by adding the following:

   > An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

   5 U.S.C. § 703 was amended by adding the following:

   > If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer.

   Congress also amended 28 U.S.C. § 1331 by removing the $10,000 limitation in actions brought against the United States, any agency, or any officer or employee in his official capacity.

   For a thorough discussion of these amendments, see 1976 U.S.Code Congressional & Administrative News at p. 6121.

3. 42 U.S.C. § 4621.

**1027**

(42 U.S.C. § 4622) provides for the payment of moving and related expenses for property acquired by a Federal agency. In addition, Section 203 (42 U.S.C. § 4623) provides for replacement housing benefits to homeowners in an amount not to exceed $15,000. Such homeowner benefits are payable to any displaced person who is displaced from a dwelling that is owned and occupied by him or her for not less than one hundred and eighty days prior to the initiation of negotiations for the acquisition of the property. "Displaced person" is defined in Section 101 (42 U.S.C. § 4601) as any person who, on or after January 2, 1971, moved from real property as a result of the acquisition of such real property for a program undertaken by a Federal agency. Section 204 of the Act (42 U.S.C. § 4624) provides for a payment not to exceed $4,000 for tenants and others. These benefits are payable to any displaced person who is not eligible for the homeowner benefits under Section 204 of the Act and whose dwelling was occupied by such displaced person for not less than ninety days prior to the initiation of negotiations for acquisition of such dwelling.

In 52 C.G. 300 (November 28, 1972), the Comptroller General considered the question presented herein and ruled that persons whose real property was acquired for public use prior to January 2, 1971, the effective date of the Uniform Relocation Act, but who did not vacate the property until on or after that date were not entitled to benefits as owners under Section 203 but were entitled to benefits as tenants under Section 204. In his decision, the Comptroller General pointed out that pursuant to 10 U.S.C. § 2667, when property is not needed immediately for project requirements, the established policy of the Corps is to permit former landowners and tenants to remain on the acquired Federal property on a priority basis as lessees. In holding that the owners of real property acquired by the Federal government prior to January 2,

1971 were not entitled to benefits under Section 203, but were entitled to benefits under Section 204, the Comptroller General relied on *Taliaferro v. Stafseth*, 455 F.2d 207 (6th Cir. 1972). In *Taliaferro*, the Circuit Court held that under the provisions of the Federal Highway Act [4] (which are quite similar to the provisions in the Uniform Relocation Act) [5] a person whose property was acquired by condemnation prior to the effective date of the Federal Highway Act but who did not vacate until after that date was not entitled to the benefits afforded displaced owners. In reaching this decision the Court stated that acts of Congress are generally to be applied uniformly from the date of effectiveness onward and that it is incumbent on the person who argues for retrospective application to show that Congress intended for an act to be applied in that fashion.

After the decision of the Comptroller General on November 28, 1972, the Corps, on May 23, promulgated the following regulation:

§ 641.9 Benefits to be determined as of date of vacation.

Where a former owner or tenant does not vacate the acquired property immediately, or such property is leased to a former owner or tenant, relocation rights will be computed as of the time property is vacated which, under Corps policy, is not later than 2 years from the date of acquisition. Former owners and tenants of property acquired before January 2, 1971, who move therefrom after that date are limited to benefits under sections 202 and 204, Public Law 91–646 [Uniform Relocation Act]. No benefits shall be paid under section 203 to any person whose property was acquired prior to January 2, 1971.

On August 23, 1974,[6] in reviewing a determination by the Corps, the Comptroller General reiterated his ruling of November 28, 1972 and stated:

**4.** 23 U.S.C. § 506 *et seq.*

**5.** *See* 1970 U.S.Code Cong. and Adm.News, p. 5857.

**6.** Title B–148044.

A displaced person is entitled to homeowner benefits *only if he owned the property at the time the Government acquired it and such acquisition took place on or after January 2, 1971.* (emphasis supplied).

In this case, plaintiff is attacking the interpretation of the Uniform Relocation Act. As stated by the Supreme Court in *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965):

When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration.

*Accord, Columbia Broadcasting System, Inc. v. Democratic Nat. Comm.,* 412 U.S. 94, 121, 93 S.Ct. 2080, 2096, 36 L.Ed.2d 772 (1973); *Lewis v. Martin,* 397 U.S. 552, 560, 90 S.Ct. 1282, 1286, 25 L.Ed.2d 561 (1970); *State of Maryland v. Environmental Protection Agency,* 530 F.2d 215, 227 (4th Cir. 1975), *cert. granted,* 426 U.S. 904, 96 S.Ct. 2224, 48 L.Ed.2d 829 (1976); *Rushton Mining Co. v. Morton,* 520 F.2d 716 (3d Cir. 1975).

■ As we have heretofore indicated, the provisions of Sections 203 and 204 of the Uniform Relocation Act are quite similar to Sections 506(a) and 506(b) of the Federal Highway Act. We are in complete agreement with the reasoning of the Sixth Circuit in *Taliaferro, supra,* that a person whose property was condemned prior to the enactment of the Federal Highway Act but who moved from the property after that date is not entitled to the benefits afforded an owner under the Federal Highway Act. We have examined the Uniform Relocation Act and find nothing in the Act and no legislative history indicating any intent that Section 203 is to be applied to a displaced person whose property was condemned prior to the effective date of the Uniform Relocation Act.

■ We have also reviewed the rulings of the Comptroller General and agree with his analysis that owners of real property whose property is condemned prior to the effective date of the Uniform Relocation Act, but who move after that date, are not entitled to benefits as owners under Section 203 but are entitled to benefits under Section 204. Section 203 is entitled "Replacement Housing for Homeowner". As pointed out by the Comptroller General, persons whose property was acquired prior to the date of enactment of this legislation cannot be considered owners for the purposes of Section 203 since at the time of the acquisition of their property, the Relocation Act was not in effect and they were not homeowners on or after the effective date of the Act. If Congress had intended the homeowner benefits to apply to all those whose property was acquired before January 1, 1971, it could have so provided. Instead, it specifically allowed retroactive benefits only to a small group of displaced persons[7] so that it is clear that others whose properties were acquired before this date are not entitled to homeowner benefits. Under well accepted principles of statutory construction, "Acts of Congress are generally to be applied . . . from the date of their effectiveness onward." *United States v. Estate of Donnelly,* 397 U.S. 286, 294, 90 S.Ct. 1033, 1038, 25 L.Ed.2d 312 (1970). A statute will not be given retroactive effect in the absence of a clear declaration of retroactivity by Congress. *Hassett v. Welch,* 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938); *United States v. Richardson,* 512 F.2d 105 (3d Cir. 1975). We have searched the Uniform Relocation Act and the legislative history and find no indication that Congress intended to provide benefits under Section 203 to owners whose property was acquired prior to the effective date of the Act.

Accordingly, we grant summary judgment for the defendants and enter the attached Order:

### ORDER

AND NOW, to wit, this 2nd day of February, 1977, upon consideration of cross-mo-

---

7. See Section 219.

tions for summary judgment, it is hereby ORDERED and DECREED that the plaintiff's motion is DENIED; the defendants' motion is GRANTED; and judgment is hereby entered for defendants, James R. Schlesinger, Howard H. Calloway, Lt. General W. C. Gribble, Jr., Woodrow Berge and Joseph H. Cooke, against plaintiff, Bonnie M. Bourne.