Paul JENSEN and Ruby Jensen,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 79–2181.

United States Court of Appeals,
Tenth Circuit.

Submitted May 15, 1981.

Decided Oct. 23, 1981.

Vance H. Fried of Wheatley & Fried, Stillwater, Okl., for plaintiffs-appellants.

Larry D. Patton, U. S. Atty., and John E. Green, First Asst. U. S. Atty., Oklahoma City, Okl., for defendant-appellee.

Before McWILLIAMS, BARRETT, and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Plaintiffs Paul and Ruby Jensen brought this action against the United States ("the Government") alleging that it improperly denied their claim for homeowner relocation benefits under the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4601 et seq. ("URA" or "the Act"). The Government, after acquir-

ing plaintiffs' property for use in a major public works project, awarded plaintiffs only the limited tenant relocation benefits available under URA section 204, 42 U.S.C. § 4624. Plaintiffs had sought the more comprehensive homeowner relocation benefits authorized by URA section 203, 42 U.S.C. § 4623. Both parties moved for summary judgment in the trial court. The court granted the Government's motion, and plaintiffs have appealed that decision.

Plaintiffs challenge the trial court's judgment on two alternative grounds. First, plaintiffs assert that section 203 applies in their situation and entitles them to homeowner relocation benefits as a matter of law. Second, plaintiffs contend that equity demands they be awarded the homeowner relocation benefits available under section 203 even if that section is held inapplicable to their situation. This latter argument is primarily bottomed upon representations allegedly made by the Government to the plaintiffs indicating that plaintiffs would receive such benefits.

We hold that section 203 is inapplicable to plaintiffs' case. However, because material questions of fact are in dispute with respect to the Government's contrary representations and plaintiffs' reliance upon those representations, we reverse the trial court's ruling insofar as it grants summary judgment.

I.

FACTUAL BACKGROUND

The facts underlying this litigation may be easily summarized. The Government, acting through the United States Army Corps of Engineers ("the Corps"), condemned portions of north central Oklahoma to allow for the creation of the Kaw Reservoir. Plaintiffs' home was located in a condemned area and title to their home was acquired by the Government on November 17, 1969. The Corps permitted plaintiffs to occupy their former home as tenants or "priority lessees" until April 17, 1974. At that time, actual construction on the reservoir began and plaintiffs moved from the property. Plaintiffs learned that they would be paid relocation benefits from the Government as a result of its activities.

This lawsuit ensued because of the parties' disagreement over the type of relocation benefits due the plaintiffs. The Government ultimately awarded plaintiffs only the tenant relocation benefits described in section 204, rather than the more substantial homeowner relocation benefits authorized by section 203 of the Act.

The above-described disagreement developed as a result of the temporal sequence of various events relevant to this case. The URA became effective on January 2, 1971,[1] subsequent to the Government's acquisition of title to plaintiffs' home but prior to plaintiffs' actual move from the property. Consequently, it was necessary for the Government to decide whether section 203 authorized the payment of *homeowner* relocation benefits to an owner whose property was acquired before the Act when the owner continued in possession of that property as a *tenant* after the Act became effective.

The Corps initially determined that such individuals were entitled to the homeowner relocation benefits. The Government has conceded that it adopted this position after the Act became operative and that in early June 1972, it informed the plaintiffs they would receive homeowner relocation benefits. Significantly, plaintiff Paul Jensen stated in an affidavit that "prior to April 28, 1971, he became familiar with the position of the Corps of Engineers that a 'priority lessee' still in possession of his property on January 2, 1971, was to be treated as an owner under Section 203." Rec., vol. I, at 31. Further, in that same affidavit Jensen alleged "that the purchase of the lots in Kildare and the entering into of the contract to move his Uncas home were made in reliance upon ... the Corps of Engineers' policy regarding treatment of priority lessees." *Id.*

---

1. Prior to January 2, 1971, reimbursement of relocation expenses was provided by the Reset-
tlement Act, 10 U.S.C. § 2680 (repealed 1971).

Sometime after these events, the Government reversed its stand on the availability of section 203 homeowner relocation benefits to individuals in plaintiffs' position. This change in policy was formalized in a 1972 ruling of the Comptroller General of the United States. *Decision of the Comptroller General of the United States*, B–148044, 52 Comp.Gen. 300 (1972). However, the Government concedes that "the Corps has paid Section 203 benefits to other priority lessees and that it has adopted a policy of granting Section 203 [benefits] in cases where financial obligations have [been] incurred as a result of reliance upon oral or written Corps commitments for payment of relocation benefits . . . ." Appellee's Brief, at 10. Nonetheless, the Government paid only section 204 tenant relocation benefits to plaintiffs.

## II.

## ISSUES

### A. *Construction of the Act*

■ We must first determine whether section 203 authorizes the payment of homeowner relocation benefits where an owner whose property was acquired before the Act continued in possession as a tenant after the Act became effective. We conclude that section 203 does not authorize the payment of homeowner benefits under such circumstances. Our decision [2] is based upon a reading of the relevant provisions of the Act, an application of traditional principles of statutory construction, and a review of the legislative history of the URA.

Section 203 provides for the payment of homeowner relocation benefits to

"any displaced person [3] who is displaced from a dwelling actually owned or occupied by such displaced person for not less than one hundred and eighty days prior

to the initiation of negotiations for the acquisition of the property."

42 U.S.C. § 4623(a)(1).

The parties construe this language in radically different ways. The Government asserts that the plaintiffs are not entitled to homeowner relocation benefits because they were not owners when the Act authorizing those entitlements was passed. The Government's position is set forth in *Decision of the Comptroller General of the United States*, B–148044, 52 Comp.Gen. 300 (1972), as well as in a regulation of the Corps issued on May 23, 1973. The Corps' regulation states that "[n]o benefits shall be paid under section 203 to any person whose property was acquired prior to January 2, 1971." U. S. Army Corps of Engineers Regulation of May 23, 1973, § 641.9. Plaintiffs, on the other hand, contend that ownership as of the Act's effective date is not a prerequisite to the receipt of homeowner relocation benefits. They argue that section 203 benefits are to be provided to all individuals (i) who are displaced persons and (ii) who owned and occupied their dwelling for more than one hundred and eighty days prior to the initiation of negotiations for its acquisition. Plaintiffs urge that when these two requirements are met, moving after the effective date of the Act generates homeowner relocation benefits.

■ While neither parties' reading of section 203 appears facially unreasonable, we hold that the Government's view is controlling. Two general principles of statutory construction buttress our conclusion. First, the Comptroller General's and the Corps' interpretation of section 203 is entitled to "great deference" because those agencies are charged with the administration of the Act. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). *See also Columbia Broadcasting System, Inc. v. Democratic National Committee*, 412 U.S. 94, 102–03, 93 S.Ct. 2080,

---

2. This is a case of first impression at the circuit court level. Moreover, the URA is of such recent vintage that it appears only one district court has considered this particular issue. *See Bourne v. Schlesinger*, 426 F.Supp. 1025 (E.D. Pa.1977).

3. "Displaced person" is defined in section 101, 42 U.S.C. § 4601. Neither party has disputed that plaintiffs fall within the purview of that term.

2086, 36 L.Ed.2d 772 (1973). Second, plaintiffs' interpretation should be avoided because it creates the specter of unwarranted retroactive application of the Act. Persons whose property was acquired prior to the URA's enactment cannot be considered owners under section 203 since the Act was nonexistent at the time their property was sold. When such individuals remain in temporary possession of their former homes, it is only as priority lessees or tenants. Consequently, payment of section 203 *home-owner* relocation benefits to persons whose temporary possession continues beyond the date of the URA's enactment arguably constitutes retroactive application of the Act. Normally, retroactive application of legislative acts is impermissible absent a clear indication of congressional intent. *Hassett v. Welch*, 303 U.S. 303, 314, 58 S.Ct. 559, 564, 82 L.Ed. 858 (1938). Our review of the legislative history of the URA reveals that no retroactive application of the Act was contemplated by Congress.

The legislative history of the URA indicates that section 203 is inapplicable to plaintiffs' situation for an additional reason. Congressional comments state that the Act builds upon the Federal-Aid Highway Act of 1968, 23 U.S.C. § 506 *et seq.* ("Highway Act"). *See* H.R.Rep.No. 1656, 91st Cong., 2d Sess. 8, *reprinted in* [1970] U.S.Code Cong. & Ad.News 5850, 5857. Significantly, in *Taliaferro v. Stafseth*, 455 F.2d 207 (6th Cir. 1972), the court held that under a Highway Act provision similar to section 203, a person whose property was acquired prior to the effective date of the Highway Act but who did not vacate until after that date was not entitled to the benefits afforded displaced owners.

Plaintiffs assert that the legislative history of URA section 219, 84 Stat. 1903 (1971), demonstrates that homeowner relocation benefits can properly be paid to individuals whose homes were acquired before the Act's effective date. Plaintiffs seize upon the eloquent pleas of an able New York congressman as support for this claim. However, section 219 provides only the limited *tenant* relocation benefits to a geographically restricted group of individuals whose property was acquired before the date of the Act and who moved no later than ninety days after the Act. This provision was clearly the result of effective lobbying on the part of the congressman and is "not to be considered as a precedent of any nature." H.R.Rep.No. 1656, 91st Cong., 2d Sess. 3, *reprinted in* [1970] U.S.Code Cong. & Ad.News 5850, 5870. Plaintiffs reliance on section 219 is misplaced.

In sum, the administrative interpretation of section 203 to preclude coverage under the circumstances of this case is neither arbitrary, capricious, nor plainly inconsistent with the URA. *See Lowell v. Secretary of HUD*, 446 F.Supp. 859, 863–65 (N.D.Cal. 1977).

## B. *Grant of Summary Judgment*

While the prerequisites for section 203 homeowner relocation benefits are not met in plaintiffs' case, we hold that material questions of fact remain in dispute with respect to the Government's contrary representations and plaintiffs' reliance thereon. Accordingly, the decision of the trial court granting summary judgment must be reversed.

In reviewing a motion for summary judgment, this court must consider the evidence in the light most favorable to the party opposing the motion, in this case the plaintiffs. *Romero v. Union Pacific Railroad*, 615 F.2d 1303, 1309 (10th Cir. 1980); *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1036 (10th Cir. 1978). Particularly, the party opposing the motion is entitled to have his affidavits generously construed. *See* 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2738 at 708 (1973).

Plaintiffs contend that it is the current policy of the Government to pay section 203 benefits where financial obligations have been incurred in reliance upon the Government's representations. The Government does not dispute that contention on appeal but argues instead that plaintiffs have not demonstrated such reliance. We believe, however, that plaintiffs raised an issue of fact on this question sufficient to preclude

summary judgment. Thus, plaintiff's affidavit states that he learned of the Government's policy authorizing section 203 homeowner relocation benefits to individuals in plaintiffs' position and relied on that policy by buying lots and contracting to have his home moved. That affidavit indicates that this representation and reliance occurred prior to the Government's ultimate determination that such benefits would not be available to plaintiffs.

We, of course, express no opinion on whether the facts, if true, entitle plaintiffs to relief. It is for the district court on remand to determine whether plaintiffs are entitled to any recovery on the representation-reliance dispute.

Reversed and remanded for further proceedings in accordance with this opinion.