Joseph MACON, Plaintiff-Appellant,

v.

YOUNGSTOWN SHEET AND TUBE COMPANY and United Steelworkers of America, AFL–CIO–CLC, Defendants-Appellees.

No. 81–2099.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 29, 1982.*

Decided Jan. 19, 1983.

Rehearing and Rehearing En Banc Denied March 2, 1983.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statements having been filed, the appeal has been submitted on the briefs and record.

Joseph Macon, pro se.

William H. Schmelling, Chicago, Ill., Terrance L. Smith, Murphy, McAtee, Murphy & Costanza, East Chicago, Ind., for defendants-appellees.

Before CUMMINGS, Chief Judge, BAUER and WOOD, Circuit Judges.

CUMMINGS, Chief Judge.

The *pro se* appellant appeals the order of the district court granting Youngstown Sheet and Tube Company's motion for summary judgment and dismissing the complaint. We determine that the action taken by the district court amounted to an entry of summary judgment in favor of all defendants and on that basis we affirm.

I

The appellant, Joseph Macon, brought this action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging that his employer, Youngstown Sheet and Tube Co. (hereinafter Company), had violated the collective bargaining agreement between the Company and the appellant's union by denying the appellant certain medical insurance payments. Further, the appellant alleges that the union, United Steelworkers of America, AFL–CIO–CLC (hereinafter Union), breached its duty of fair representation by failing to pursue a grievance filed against the Company as a result of the denial of the appellant's insurance benefits.

The complaint was filed on July 24, 1978. The defendant Union filed an answer on September 15, 1978.[1] The appellant filed a reply on September 25, 1978. The defendant Company filed a motion to dismiss on October 16, 1978. In its motion, the Company asserted that at the time the lawsuit was filed the plaintiff's grievance was still pending before an arbitrator,[2] and that there-

---

1. The answer raises an affirmative defense claiming that the Union has and will continue to process all grievances in a nondiscriminatory manner. The answer does not assert that the plaintiff's claim is barred because the plaintiff failed to exhaust the grievance and arbitration provisions of the collective bargaining agreement.

2. The complete chronology of events surrounding the appellant's grievance is contained in the magistrate's report. Briefly, the events are as follows. The Company denied the appellant's claim for insurance benefits covering a period from April 14, 1975 through June 25, 1975. On June 27, 1975, the appellant filed the grievance which underlies this case. The Company denied the grievance in an answer delivered to

fore the complaint should be dismissed because the plaintiff had failed to exhaust the grievance and arbitration provisions of the collective bargaining agreement. Both plaintiff and the Company subsequently filed affidavits and evidentiary material. The matter was referred to a U.S. Magistrate, who filed a report and recommendation that the Company's motion to dismiss be treated as a motion for summary judgment and granted. The district court subsequently granted the Company's motion for summary judgment and dismissed the complaint. At no time prior to entry of judgment had the defendant Union filed either a motion to dismiss or a motion for summary judgment.[3] A timely notice of appeal was filed on July 7, 1981.

## II

With respect to the appellee Company, we affirm the order of the district court. An employee seeking a remedy for an alleged breach of the collective bargaining agreement must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer under Section 301. *Clayton v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America,* 451 U.S. 679, 681, 101 S.Ct. 2088, 2091, 68 L.Ed.2d 538 (1981). The rule has been followed in this Circuit. *Orphan v. Furnco Construction Corp.,* 466 F.2d 795, 798 (7th Cir.1972). There are three exceptions to this exhaustion rule; exhaustion is not required (1) where the conduct of the employer amounts to a repudiation of the contract, *Vaca v. Sipes,* 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967);

(2) where the union has wrongfully refused to process a grievance, *id.;* and (3) where exhaustion of contractual remedies would be futile. *Glover v. St. Louis-San Francisco Railway Co.,* 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969). In his report and recommendation the magistrate specifically found that none of these exceptions applied to the case at hand. The magistrate's findings were approved by the district court and we hold that these findings are not clearly erroneous. F.R.C.P. 52(a). We therefore affirm the order of the district court granting the Company's motion for summary judgment.

## III

As noted above, the exhaustion rule applies to claims against the employee's union as well as to claims against the employer. Under normal circumstances we would have no difficulty in holding that the appellant's claim against the Union is also barred for failure to exhaust the grievance and arbitration provisions of the collective bargaining agreement. This case, however, does not present normal circumstances. Prior to entry of judgment, the Union never filed either a motion to dismiss or a motion for summary judgment. We must presume, therefore, that the district court acted *sua sponte,* and, because the order is ambiguous, we must determine whether the district judge dismissed the complaint against the Union or entered summary judgment in favor of the Union. We conclude that the actions amounted to a *sua sponte* entry of summary judgment in favor of the Union and we affirm the district court's actions on that basis.[4]

the Union on December 30, 1975. The Union appealed the denial on January 2, 1976. After a meeting between Company and Union officials, the claim was again denied on April 12, 1976. The Union then appealed the grievance to arbitration on April 14, 1976. As of the date this lawsuit was filed, July 24, 1978, the grievance was still pending on the arbitration case docket. Although it is not of record in the district court, an arbitration award granting the grievance in part was issued on November 10, 1980.

3. The Union did submit a motion for summary judgment four days after judgment was entered by the district court but fifteen days before notice of appeal was filed. The docket sheet filed with this appeal lists the Union's motion for summary judgment as a late entry but fails to show any action on the motion by the district court. See note 8, *infra.*

4. While concluding that the district court's actions amounted to a *sua sponte dismissal* of the complaint might involve a less tortuous reading of the district court's order, we are unable so to

■ Most Circuits that have considered the issue hold that a district court does have the power to enter summary judgment *sua sponte. Taunton Municipal Lighting Plant v. Department of Energy,* 669 F.2d 710, 716 (Em.App.1982); *Harrington v. Vandalia-Butler Board of Education,* 649 F.2d 434, 436 (6th Cir.1981); *Standard Oil Co. of California v. United States,* 685 F.2d 1337, 1346 (Ct.Cl.1982); 10 Wright & Miller, Federal Practice & Procedure: Civil § 2719 at 454–55. Contra, *Matter of Hailey,* 621 F.2d 169, 171 (5th Cir.1980). In this circuit *Choudhry v. Jenkins,* 559 F.2d 1085, 1089 (7th Cir. 1977), certiorari denied, 434 U.S. 997, 98 S.Ct. 634, 54 L.Ed.2d 491, and *Tamari v. Bache & Co. (Lebanon),* 565 F.2d 1194, 1198 (7th Cir.1977), certiorari denied, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495, may both be read as holding that district courts do not have the power to enter summary judgment *sua sponte.* The decisions in this and other Circuits that hold that district courts lack the power to enter summary judgment *sua sponte,* however, have one feature which distinguishes them from the case at hand: in each case the party against whom summary judgment was entered did not have adequate notice and a fair opportunity to present evidence in opposition to the entry of summary judgment. *Choudhry v. Jenkins, supra,* 559 F.2d at 1089.[5] Here the claim raised by the Company in its motion to dismiss would be equally effective in barring the claim against the Union. *Clayton v. UAW, supra,* 451 U.S. at 681, 101 S.Ct. at 2091. The appellant had an adequate opportunity to argue in opposition to the motion to dismiss and to submit evidentiary material, and the appellant did so argue[6] and did submit evidentiary material.[7] Because the appellant did have an opportunity to submit evidentiary material in opposition to the Company's motion and because the district court, in its disposition of the Company's motion, must have determined that there were no issues of material fact and that the plaintiff's claim was barred for failure to exhaust the grievance and arbitration procedures of the collective bargaining agreement, there is no reason why the court could not, on its own motion, grant to the Union the same relief afforded the Company. This was the procedure followed by the district court in *Piemonte v. Chicago Board Options Exchange, Inc.,* 405 F.Supp. 711, 718 (S.D.N.Y.1975). We find

conclude for two reasons. First, the district court approved the magistrate's findings, which explicitly considered matters outside the pleadings. Second, the pleadings do not fail to raise a claim upon which relief could be granted. The complaint states that the Union failed to properly pursue the plaintiff's grievance and sets forth with sufficient detail the claim involved. The Union's answer does not allege that the plaintiff failed to exhaust the grievance and arbitration provisions of the collective bargaining agreement. To the extent that the plaintiff's reply could be read to acknowledge the exhaustion problem (and it does not do so directly) the reply does seem to assert that further pursuit of grievance and arbitration procedures would be futile. Holding the *pro se* plaintiff's pleadings to the less stringent standard required by *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), we cannot say that the pleadings fail to state a claim upon which relief could be granted.

5. *Choudhry* may also be read to hold that entry of summary judgment is not appropriate in the absence of a party-generated motion. *Choudhry, supra,* 559 F.2d at 1089. In the instant case such a motion was made; the issue here is whether the court may, once a motion is made, *sua sponte* extend relief to a nonmoving party.

6. In his memorandum in opposition to the Company's motion to dismiss, the appellant argued that the arbitrator's delay in reaching a decision on the appellant's grievance amounted to a violation of the collective bargaining agreement by the Union and the Company. The district court disagreed, and we cannot find that its decision was clearly erroneous.

7. In addition to his memorandum in opposition to the motion to dismiss, the appellant filed counter-affidavits, nine pages of medical bills, and an extensive number of exhibits including lists of pending arbitration cases, the original grievance, a committee report, correspondence between the appellant, his doctor, and the insurer under the collective bargaining agreement, twenty-three pages of excerpts from the collective bargaining agreement, and four pages of excerpts from the insurance agreement between the Company and the Union. The magistrate reviewed the exhibits of the plaintiff and found that they failed to raise any issue of material fact. Such a finding is not clearly erroneous.

862

this procedure appropriate to the case at hand and therefore affirm the order of the district court.[8]

## IV

As a concluding note, we emphasize the narrowness of the decision reached today. In this case the defense raised in the Company's motion to dismiss was equally applicable to the Union, and the appellant had an adequate opportunity to oppose the motion. Further, in order to prove his claim against the Company, the appellant would have had to show that the Union breached its duty of fair representation. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976). For this reason the magistrate, while considering the Company's motion, expressly considered the appellant's claim against the Union and found it meritless. Under these unusual circumstances, we conclude that the actions of the district court amounted to the entry of summary judgment in favor of all defendants, and the order of the district court is therefore affirmed.

8. Apart from the peculiar circumstances here, if a litigant wishes to adopt another party's motion it should do so expressly rather than expect the district court to give it the same relief as the movant.