Paul JENSEN and Ruby Jensen,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 82–1910.

United States Court of Appeals,
Tenth Circuit.

Oct. 31, 1983.

Vance H. Fried, Oklahoma City, Okl., for plaintiffs-appellants.

William S. Price, U.S. Atty., and John E. Green, First Asst. U.S. Atty., Oklahoma City, Okl., for defendant-appellee.

Before BARRETT and LOGAN, Circuit Judges, and KERR *, District Judge.

LOGAN, Circuit Judge.

Paul Jensen and his wife Ruby Jensen have appealed a judgment of the district court denying them homeowners' benefits under section 203 of the Uniform Relocation Assistance and Real Property Acquisition Policies Act (URA), 42 U.S.C. § 4623.

---

* Honorable Ewing T. Kerr, Senior United States District Judge for the District of Wyoming, sitting by designation.

The appeal was submitted on the briefs by agreement of the parties.

This is the second appeal in this case. In *Jensen v. United States,* 662 F.2d 664 (10th Cir.1981), we held that the Jensens were not eligible for homeowners' benefits under the URA, but that the district court improperly entered summary judgment against them on their estoppel claim. Summary judgment was improper because the government admitted paying section 203 benefits to some priority lessees—people who remained in their homes as lessees after the government acquired their properties—and not paying them to the Jensens and one other. Specifically, we ruled that material questions of fact existed regarding whether the Jensens had incurred financial obligations in reliance upon government representations that they were entitled to section 203 benefits. On remand the trial court heard evidence and ruled that the Jensens had not incurred financial obligations in reliance upon any government representations. On appeal the Jensens argue that the trial court misapplied the law set forth in our earlier opinion.

We will repeat only the facts necessary to review the trial court's rulings. The government took the Jensens' property for a federal reservoir before the effective date of the URA. At the time the URA was enacted, January 2, 1971, the Jensens were occupying their home as priority lessees. On January 13, 1971, they bought several building lots in Kildare, Oklahoma, and on April 28, 1971, contracted to have their house moved to Kildare. In February 1971 the Corps of Engineers erroneously construed the URA as granting homeowners' benefits to priority lessees such as the Jensens. In an affidavit he filed in opposition to the summary judgment motion, Mr. Jensen stated that he was aware of the Corps' interpretation before April 28, 1971. However, he made no such statements in his testimony at the hearing, and the record contains no other evidence that the Jensens had any knowledge of this interpretation until several months after they contracted to have their house moved to Kildare. In its findings of fact and conclusions of law the district court held that the Jensens purchased the lots and contracted to move their house "long before the misstatement of fact was made by the government agents so those misrepresentations could not serve to bar the government defense." R. I, 86. In its judgment the court declared that "by the evidence presented, the financial obligations incurred by the plaintiffs were prior in time to their being erroneously informed that they would qualify for Section 203 homeowner benefits, and thus, could not have been incurred based upon government representation." R. I, 88. We may not overturn the trial court's findings on appeal unless they are clearly erroneous, *United States v. Brown,* 672 F.2d 808, 813 (10th Cir.1982), and on the basis of the evidence in this case we cannot hold that the court's finding is clearly erroneous.

On July 21, 1972, the Corps notified the Jensens that they were not eligible for homeowners' benefits under the URA. Apparently, shortly before that date the Corps had cancelled the leases of all priority lessees in the project except for the Jensens' and one other lessee's. Because of its earlier erroneous interpretation, the Corps later adopted a policy under which it paid section 203 benefits to priority lessees whose leases had been cancelled if they had moved off their properties before July 21, 1972, and had incurred obligations to purchase property before November 28, 1972. Because the government did not cancel the Jensens' lease and the Jensens stayed in possession after July 21, 1972, they were not eligible for section 203 benefits under that policy. The Jensens claim that the government's failure to evict them when it evicted all but one other lessee constitutes misleading conduct. Even if that is so, the Jensens failed to prove detrimental reliance upon that conduct. The Jensens claim that they would have moved off their property before July 21, 1972, and that they would have incurred an obligation to purchase before November 28, 1972, if they had received their eviction

**694**

notice before July 21. Yet when the district court asked Mr. Jensen what he would have done differently if he had received an eviction notice, he said that he probably would have moved into a mobile home he owned. In their brief the Jensens refer to Mr. Jensen's testimony that if he had received notice when everyone else had their leases terminated he would have bought another house. But the district court concluded that the Jensens did not rely to their detriment on the failure to evict. The court's findings and conclusions of law state, "The court carefully inquired of Mr. Jensen what different course he would have taken had he been given the ten day notice and he replied to the effect that he would probably have moved into a mobile home that he owned." R. I, 86. It then declared that while the court did not condone the government's misstatements concerning homeowners' benefits or the government's failure to give the Jensens the ten-day notice received by other priority lessees, "neither of these items caused them to incur financial obligations or served to mislead the plaintiffs to the extent that they suffered a detriment thereby." R. I, 86. We must give due regard to the trial court's judgment of a witness' credibility. Fed.R. Civ.P. 52(a).

The Jensens also argue that the government's failure to evict them when it evicted other priority lessees was unfair. However, they present no legal theory under which they can claim damages for such treatment.

AFFIRMED.