Gerald **RICHARDSON**, Plaintiff,

v.

**KRAFT–HOLLEB FOOD SERVICE, INC., A DIVISION OF PHILLIP MORRIS, INC., Sysco Food Service, Inc., a/k/a Sysco Food Service, Chicago, Inc. and Chicago Truck Drivers, Helpers & Warehouse Worker's Union, Defendants.**

No. 90 C 4446.

United States District Court, N.D. Illinois, E.D.

Dec. 5, 1990.

Dennis E. Carlson, Chicago, Ill., for plaintiff.

Dana D. Deane, Burton L. Reiter, Pope Ballard Shepard & Fowle, Lawrence L.

Summers, John D. Jeske, Vedder Price Kaufman & Kammholz, Paul L. Glover, Vice President & General Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Gerald Richardson brought a two-count complaint against two former employers, Kraft–Holleb Food Service, Inc. ("Kraft–Holleb") and Sysco Food Service, Inc. ("Sysco"). He also names the Chicago Truck Drivers, Helpers & Warehouse Worker's Union ("Union") as a defendant. Kraft–Holleb and Sysco have filed separate motions to dismiss. For the following reasons, we deny both motions.

### I. Factual Background

Richardson injured his back in the course of discharging his duties as a Kraft–Holleb truck driver. He received medical care and treatment for his injury intermittently between May 1 and Sept. 25, 1989. He also filed a claim for worker's compensation benefits. Kraft–Holleb discharged Richardson in late Sept. 1989. Pursuant to the collective bargaining agreement between Kraft–Holleb and the Union, Richardson filed a grievance protesting his discharge. On Jan. 31, 1990, an independent arbitrator issued a "pre-arbitration" report recommending that the Union not take Richardson's grievance to arbitration.

In the meantime, Richardson obtained a similar truck driving job at Sysco, where he worked from Nov. 1 to Dec. 26, 1989. He sustained another workplace injury, or an aggravation to the previous injury, and filed for worker's compensation benefits. Richardson returned to work on Feb. 5, 1990, but was reinjured on Feb. 14.[1] He again filed for worker's compensation.

Sysco discharged Richardson upon his return to work on March 26, 1990. Richardson filed a grievance protesting his discharge on April 10, 1990.

Count I of the complaint broadly alleges the violation of a collective bargaining agreement between the two employers and the Union.[2] Jurisdiction is alleged under the Labor Management Relations Act, 29 U.S.C. § 185 (1988). Count II broadly alleges retaliatory discharge "in violation of the public policy of the State of Illinois."

### II. Sysco's Motion

We address Sysco's motion first. Though styled as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, it is properly addressed as a Rule 56 motion for summary judgment because Sysco attaches to its motion the affidavit of its Transportation Manager, Ted Pellus. Fed.R.Civ.P. 12(b)(6) (if "matters outside the pleading are presented to ... the court, the motion [to dismiss] shall be treated as one for summary judgment").

Under the federal procedural rules, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings ... together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

---

**1.** Richardson's pleadings and supporting affidavits are sporadically conflicting and inconsistent. For example, his first affidavit opposing Sysco's motion to dismiss fixes the date of reinjury at Feb. 16, 1990; this conflicts with the date given in his second supplemental affidavit, which is Feb. 14, 1990. For what it is worth, we accept Feb. 14.

**2.** The first paragraph of the complaint may be read as alleging that both Kraft–Holleb and Sysco were together "party to a labor/management union collective bargaining agreement," suggesting that only one such agreement is at issue. This pleading ambiguity is of little moment, since it is clear from other submitted materials that both employers were party to *an* agreement.

■ In a summary judgment context, the non-moving party's papers will be examined somewhat more indulgently than those of the moving party. *See DeCintio v. Westchester County Medical Center,* 821 F.2d 111, 114 n. 4 (2d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2738 n. 31, at 484 (1983). Among other things, this means that the non-moving party is entitled to have its affidavits generously construed. *Jensen v. United States,* 662 F.2d 664, 667 (10th Cir.1981). We will assign to the non-moving party "all of the favorable inferences that reasonably may be drawn" from the papers before us. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2738 n. 32, at 484.

■ Sysco, via the Pellus affidavit, makes two arguments:[3] 1) Richardson's discharge came within a "new employee" probationary period and discharge within that period is not reviewable through the collective bargaining agreement's grievance and arbitration procedure; and 2) the company is unaware of any grievance filed on Richardson's behalf by or through the Union concerning his termination.

Article 2, § 6 of the collective bargaining agreement between Sysco and the Union provides, in relevant part, that

[t]he trial period for all new Employees shall be forty-five (45) days of actual work within a ninety (90) consecutive calendar day period. During this trial period, a Trial Employee may be terminated by the Employer with or without just cause and the Trial Employee shall not have recourse under [the grievance procedure and arbitration articles] of this Agreement.

Sysco Collective Bargaining Agreement, art. 2, § 6. Richardson, in his affidavit in opposition, swears that he "was employed for more than 45 days prior to being terminated." Our own analysis of Richardson's affidavit suggests that he may well have worked at least forty-six days prior to termination.[4] In any event, Richardson has succeeded in raising a genuine issue of material fact with respect to the trial employment period, a point Sysco essentially concedes in its reply brief.

Richardson rebuts for present purposes Sysco's second argument by submitting a second supplemental affidavit. Attached to that second affidavit is a copy of the grievance he filed with the Union against Sysco. We ordered the submission of any such documentation following Richardson's motion to strike Sysco's reply brief for ostensibly raising a new issue (Richardson's failure to submit a grievance).[5] The mere fact that Sysco may not have been presented with the grievance is largely irrelevant; "[a]n employee seeking a remedy

3. A third argument, that Richardson's Count II claim must be dismissed for lack of pendent jurisdiction, will be addressed *infra* (at footnote 6) as we consider Kraft–Holleb's similar claim.

4. Here is the breakdown as we figure it: Nov. 1, 1989 (not 1990)—Richardson hired by Sysco; Dec. 26, 1989—Richardson sustains first injury. Days worked, subtracting weekends and company holidays (subtotal)—38. Feb. 5, 1990—Richardson returned to work; Feb. 14, 1990—reinjured. Days worked, subtracting weekends (subtotal)—8. Total days worked—46.

We note, however, that the Union apparently based its denial of Richardson's grievance on its belief that Richardson had been discharged during the trial period, a discharge permissible "with or without just cause." Letter from Gary M. Hickey to Richardson (May 10, 1990). Additionally, we are unable to ascertain how the ninety consecutive calendar day requirement

functions, a subject that might be addressed in a future motion.

5. Given our denial of what became Sysco's motion for summary judgment, Richardson's motion to strike Sysco's reply brief is moot. We would point out, however, that Sysco did properly raise its argument that Richardson had failed to file a grievance, both in its initial memorandum and in the Pellus affidavit. Richardson's contention to the contrary in his motion to strike is completely unfounded. Moreover, Richardson's strident claim that he "alleged the prosecution of a grievance" against Sysco in his complaint, Motion to Strike at 5 (Point II), is also completely unfounded. Richardson clearly submitted evidence regarding his grievance against Kraft–Holleb, but, just as clearly, offered no documentation of any similar filing against Sysco. This failure necessitated our order to produce a copy of any such grievance.

for an alleged breach of the collective bargaining agreement must *attempt to exhaust* any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer" under 29 U.S.C. § 185. *Macon v. Youngstown Sheet & Tube Co.*, 698 F.2d 858, 860 (7th Cir.1983) (emphasis added). One exception to the exhaustion rule (and precisely the case that Richardson alleges) is "where the union has wrongfully refused to process a grievance." *Id.*

In short, we deny Sysco's motion for summary judgment because Richardson has succeeded in raising genuine issues of material fact.

### III. Kraft–Holleb's Motion

■ Kraft–Holleb's motion is confined to the pleadings. The company correctly asserts that a 29 U.S.C. § 185 claim, coupled with allegations of unfair representation by a union, must allege that 1) the employer breached the collective bargaining agreement it had with the union, thereby subjecting itself to federal jurisdiction under 29 U.S.C. § 185, and 2) that the union breached the duty of fair representation it owed to the employee plaintiff. *See, e.g., Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

Kraft–Holleb argues that Richardson fails to allege the content of any collective bargaining agreement it has with the Union, or, indeed, that any provision of such an agreement was breached. We decline to read Richardson's complaint so narrowly. A fair reading demonstrates that it fulfills the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) (pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief"). Richardson alleges that a collective bargaining agreement was in force, and that he was terminated for filing a worker's compensation claim. It is fair

to assume that if Richardson can prove that his termination did stem from his filing for worker's compensation benefits, this would both be in violation of the collective bargaining agreement and entitle him to relief. *Cf. Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052, 1058 (N.D. Ill.1986) ("An employer's decision to terminate an employee in retaliation for exercising rights established under state workers' compensation laws is repugnant to state and federal policy alike."), *aff'd*, 822 F.2d 1091 (7th Cir.1987).

The second argument is meritless. Richardson alleges that the Union "refused and wilfully or intentionally failed to represent the plaintiff and violated the duty of fair representation...." Complaint ¶ 10 (Count 1). This allegation satisfies the Seventh Circuit's requirement that intentional misconduct be alleged in a fair representation claim. *See Martin v. Youngstown Sheet & Tube Co.*, 911 F.2d 1239, 1248 (7th Cir.1990); *Dober v. Roadway Express, Inc.*, 707 F.2d 292, 295 (7th Cir.1983); *Graf v. Elgin, Joliet & E. Ry.*, 697 F.2d 771, 778–79 (7th Cir.1983).

Kraft–Holleb argues that Count II should be dismissed because Richardson does not allege that the company's termination motive was to deter him from exercising his rights under worker's compensation laws. The complaint, however, is perfectly clear on this point: "The wrongful conduct alleged [in Count I] was in retaliation for plaintiff having sought the relief afforded to him under the laws of the State of Illinois as cited herein, and as such said employing defendants committed acts of retaliatory discharge against the plaintiff." Complaint ¶ 10 (Count II).

Kraft–Holleb's further contention that Count II should be dismissed for lack of pendent jurisdiction is premised on the dismissal of Count I, and thus moot since we decline to dismiss that federal labor claim.[6]

---

6. Sysco's pendent jurisdiction argument is identical to Kraft–Holleb's, and we deny it for the same reason.

We note in passing that Richardson's briefs evince some confusion about jurisdiction in federal courts. Perhaps the most convoluted of the

arguments is his contention that "diversity jurisdiction does exist which supports that pendant [sic] jurisdiction of this court." Response to [Kraft–]Holleb's Motion to Dismiss at 5. Diversity jurisdiction "extends to cases between citizens of different states ..., or between a citizen

For the foregoing reasons, we deny Kraft–Holleb's motion to dismiss. It is so ordered.

of a state and an alien," provided that the "requisite jurisdictional amount" is met. *Black's Law Dictionary* 429 (5th ed. 1979); *see also* 28 U.S.C. § 1332 (1988). There has been no showing that the parties are diverse in the diversity jurisdiction sense. Pendent jurisdiction permits a "federal district court, in the exercise of jurisdiction over a federal law claim properly before it," to also consider a "related state law claim where both claims arise from a common nucleus of operative facts." *Black's Law Dictionary* at 1021.