Johnny SMITH, Plaintiff-Appellant,

v.

Major DeBARTOLI, Defendant-Appellee.

No. 84–2440.

United States Court of Appeals,
Seventh Circuit.

Submitted June 10, 1985.[*]

Decided Aug. 7, 1985.

Rehearing Denied Sept. 24, 1985.

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Johnny Smith, Pontiac, Ill., for plaintiff-appellant.

Patricia Rosen, Ill. Atty. Gen. Office, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, and COFFEY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Pro se plaintiff Johnny Smith filed suit in the Central District of Illinois against defendant Major DeBartoli, a corrections officer at the Pontiac Correctional Center, where plaintiff is confined. Plaintiff alleged that defendant violated his due process rights by participating in the prison adjustment committee hearing that found plaintiff guilty of refusing to leave segregation. The committee ordered plaintiff confined to segregation indefinitely and revoked thirty days of his statutory good time credits. It is uncontroverted that defendant, prior to the adjustment committee hearing, had been a member of another committee that had previously ordered plaintiff to leave segregation and return to the general population. Defendant filed an affidavit in the district court indicating that plaintiff had pled guilty at the disciplinary hearing. The district court entered summary judgment for plaintiff, holding that his due process rights were violated because defendant's earlier role prevented him from being a neutral and detached decisionmaker, to the extent required by *Redding v. Fairman,* 717 F.2d 1105, 1112–13 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1282, 79 L.Ed.2d 685 (1984); and defendant has not cross-appealed this decision. Nonetheless, because plaintiff pled guilty at the disciplinary hearing, the district court awarded only nominal damages of one dollar and denied plaintiff costs and attorneys' fees. Plaintiff appeals.

Plaintiff first argues that the district court should not have entered summary judgment in his favor because he never moved for summary judgment. Because plaintiff won on the issue of defendant's liability and could not have fared any better before a jury, it is difficult to understand why he objects to the judgment in his favor. In any event, a district court may grant summary judgment for a party without a motion, when the outcome is clear, so long as the opposing party has had an adequate opportunity to respond. *See Macon v. Youngstown Sheet & Tube Co.,* 698 F.2d 858, 861 (7th Cir.1983). We find no error in this case.

Next, plaintiff argues that the district court erred in awarding only one dollar in nominal damages. However, plaintiff pled guilty at the disciplinary hearing, and he indicated to the district judge that, under the conditions offered by the assignment committee, he would have continued to refuse to leave segregation. Thus, the outcome of the disciplinary hearing would have been the same whether or not defendant participated, and the due process violation found caused no injury to plaintiff.[1] The district court ruled properly that it could not consider plaintiff's request for restoration of good time credits because plaintiff had failed to exhaust state court remedies, *Preiser v. Rodriguez,* 411 U.S. 475, 499–500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973), and that expungement of plaintiff's record and compensato-

---

1. The limitations about which plaintiff complains, i.e., restrictions of his exercise and use of showers, etc., resulted from his admitted defiance of prison rules, and not the due process violations. Thus, they cannot be considered in measuring damages.

ry damages were inappropriate because plaintiff was, in fact, guilty of the charges brought against him.[2] *See Carey v. Piphus,* 435 U.S. 247, 260, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978).

Plaintiff next argues that the district court erred in denying him costs and attorneys' fees under 42 U.S.C. § 1988 and Rule 54(d), Fed.R.Civ.P. However, there is no indication that plaintiff is an attorney, and he thus is not entitled to attorneys' fees. *Redding v. Fairman,* 717 F.2d at 1120. On the other hand, we have long held that a prevailing party should be awarded costs as a matter of course except under exceptional circumstances. *See Delta Air Lines v. Colbert,* 692 F.2d 489, 491 (7th Cir.1982); *Popeil Brothers v. Schick Electric, Inc.,* 516 F.2d 772, 775–77 (7th Cir.1975). In the spectrum of decisions reviewed under the "abuse of discretion" standard, the decision to deny costs "is near the end that merges into the standard of simple error used in reviewing decisions of questions of law." *Coyne-Delany Co. v. Capital Development Board of Illinois,* 717 F.2d 385, 392 (7th Cir.1983). We have recognized only two exceptional circumstances to overcome the presumption that a prevailing party should get costs: (1) when he or she has engaged in some misconduct or other action worthy of penalty or (2) when the losing party is indigent. *Burroughs v. Hills,* 741 F.2d 1525, 1542 (7th Cir.1984) (Flaum, J., concurring), *cert. denied,* — U.S. —, 105 S.Ct. 2321, 85 L.Ed.2d 840 (1985).

Although it was within the discretion of the district court to award costs to plaintiff as the prevailing party in this case, *see Skoda v. Fontani,* 646 F.2d 1193, 1194 (7th Cir.1981), we conclude that the district court, in denying costs without explanation, did not abuse that residuum of discretion that remains under Rule 54(d).

"[T]he ingredients of a proper decision [to withhold costs] are objective factors ... accessible to the judgment of a reviewing court," *Coyne-Delany Co. v. Capital Development Board,* 717 F.2d at 392, and we are free to review the record to determine whether those factors are present here, *Burroughs v. Hills,* 741 F.2d at 1537 (Posner, J., concurring). Given that plaintiff readily acknowledged his guilt in the district court, and thus, at the outset, could have hoped to receive no injunctive relief and no more than nominal damages, the district court could have properly inferred that this suit was vexatious and brought to harass. In denying costs to plaintiff as a penalty for bringing this suit, *cf. Burroughs v. Hills,* 741 F.2d at 1542 (Flaum, J., concurring), we conclude that the district court did not abuse its discretion.

The decision of the district court is AFFIRMED, each party to bear its own costs on this appeal.

---

2. Plaintiff alleged no injuries, such as emotional distress, stemming from the claimed due process violation itself, as distinct from penalties assessed because he was found guilty. *See Carey v. Piphus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1053–54, 55 L.Ed.2d 252 (1978); *Jones v. Los Angeles Community College District,* 702 F.2d 203, 207 (9th Cir.1983). These are the kinds of injuries that do not *necessarily* flow from a denial of due process, and hence can be recovered only as special damages, *see Moore v. Boating Industry Associations,* 754 F.2d 698, 716 (7th Cir.1985), which must be alleged in the complaint to be recovered. *See* Rule 9(g), Fed.R. Civ.P.; 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1312 (1969).