**Robert W. SAWYER,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 86–2872.

United States Court of Appeals,
Seventh Circuit.

Argued April 22, 1987.

Decided Oct. 8, 1987.

John P. Shanahan, Petry & Fitzgerald, Hebron, Ind., for plaintiff-appellant.

Matthew J. Anderson, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before POSNER, FLAUM, Circuit Judges, and WILL, Senior District Judge.*

WILL, Senior District Judge.

Robert Sawyer appeals from the district court's dismissal, *sua sponte* of his complaint seeking an income tax refund following a tax assessment under 26 U.S.C. § 6672(a) and grant of summary judgment in favor of the United States' counterclaim for the unpaid balance of the taxes assessed, both issued simultaneously with an order denying Sawyer's motion for summary judgment.[1] After careful examination, we find that genuine material issues of fact may be in dispute with respect to Sawyer's complaint and concurrent defense against the United States' counterclaim. We therefore reverse the judgment of the district court dismissing Sawyer's complaint and granting summary judgment in favor of the United States on its counterclaim.

## I.

Sawyer was the president and sole shareholder of Sawyer Transport, Inc., a Minnesota trucking corporation licensed by the Interstate Commerce Commission to transport commodities in 48 states. While operating during the third and fourth quarters of 1981, Sawyer Transport failed to pay $133,486.90, the applicable employee withholding tax, to the Internal Revenue Service ("IRS"), pursuant to 26 U.S.C. § 3102(a).[2] On October 27, 1981, Sawyer

---

* Honorable Hubert L. Will, Senior District Judge of the Northern District of Illinois, is sitting by designation.

1. The parties agreed to proceed before a Magistrate pursuant to 28 U.S.C. § 636(b)(2).

2. Sawyer's alleged acts occurred prior to enactment of the 1984 Tax Reform Act and thus this appeal implicates the provisions of the 1954 Internal Revenue Code. Under 26 U.S.C. § 3102, an employer is required to withhold employee income taxes and under 26 U.S.C.

Transport filed a Chapter 11 Petition with the United States Bankruptcy Court for the Northern District of Illinois. Sawyer continued as the chief operating officer of Sawyer Transport while the Chapter 11 Petition was pending. On November 15, 1982, the Chapter 11 Petition was converted into a Chapter 7 liquidation proceeding and Nathan Yorke was appointed trustee in bankruptcy for Sawyer Transport.

On October 12, 1982, Yorke filed a petition with the Bankruptcy Court, on behalf of Sawyer Transport, seeking an income tax refund of $73,179.10, as a result of business losses incurred between 1974 and 1980. Sawyer notified Yorke and the IRS that he was opposed to payment of the income tax refund to the bankruptcy estate for the benefit of all creditors rather than applying the refund as a setoff against Sawyer Transport's withholding tax liability, and, concurrently, against Sawyer's possible personal liability for any withholding taxes owed. On or about March 22, 1983, however, the IRS paid the full income tax refund into the bankruptcy estate for the benefit of all Sawyer Transport's creditors.

On August 1, 1983, the IRS issued a 100% penalty and assessment for Sawyer Transport's delinquent withholding taxes ($133,486.90) against Sawyer individually, pursuant to 26 U.S.C. § 6672(a) ("§ 6672"),[3] alleging that as a responsible person of Sawyer Transport, Sawyer willfully failed to pay the taxes owed.

Subsequently, the IRS determined that Sawyer and his wife were entitled to a $63,784.13 income tax refund unrelated to Sawyer Transport's withholding tax deficiency. This refund was applied to (and

deducted from) the § 6672 assessment against Sawyer.

Sawyer commenced this action on June 26, 1984, seeking a refund in the amount of $100.75, the amount which was paid by him on August 31, 1983 in partial satisfaction of the $133,486.90 assessment. On October 19, 1984, the United States counterclaimed for the unpaid balance of the assessment ($69,702.77) plus accrued interest from August 1, 1983.

On April 30, 1985, Sawyer filed a motion for summary judgment, alleging that the United States was required to credit him individually with the Sawyer Transport income tax refund rather than pay it into the bankruptcy estate for the benefit of Sawyer Transport's creditors and, thus, Sawyer owed no tax liability.[4] The district court denied Sawyer's motion for summary judgment and, at the same time, *sua sponte* dismissed his complaint and granted summary judgment in favor of the United States on its counterclaim. Sawyer appeals from the adverse judgment dismissing his complaint and granting summary judgment in favor of the United States' counterclaim. He does not appeal from the denial of his summary judgment motion which is not a final appealable order.

## II.

Sawyer contends on appeal that he was improperly denied an opportunity to establish and present his defense in opposition to the United States' counterclaim. Although he brought a motion for summary judgment with regard to his claim under § 6672, Sawyer's theory in that motion was unrelated to his defense against the United

§ 7501, these monies are kept in trust for the United States. For a comprehensive outline of the tax provisions governing employee withholding taxes, *see, Purdy Company of Illinois v. United States,* 814 F.2d 1183, 1186–87 (7th Cir. 1987).

**3.** Section 6672 provides in relevant part:
   Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall in addition to other penalties

provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .
26 U.S.C. § 6672(a) (1982).

**4.** If the IRS had credited Sawyer with the tax refund ($73,179.10), this would have more than offset the tax assessment balance ($69,702.77) calculated following Sawyer's unrelated tax refund. Obviously, no accrued interest penalty would be outstanding if Sawyer thereby owed no taxes.

States' counterclaim. Specifically, in his motion for summary judgment, Sawyer claimed that the United States incorrectly credited Sawyer Transport's income tax refund to the bankruptcy estate for the benefit of Sawyer Transport's creditors, rather than crediting the refund against Sawyer Transport's withholding tax liability. If the IRS had credited the refund against Sawyer Transport's withholding tax liability, Sawyer claims his personal liability would have been equally reduced and, together with the unrelated income tax refund credited to him and his wife, he would not have had any withholding tax liability.

In contrast, in his defense against the United States' counterclaim, Sawyer alleges that his responsibility for Sawyer Transport's failure to pay its withholding taxes did not satisfy the willfulness standard required under § 6672. Thus, although Sawyer had claimed that there existed no genuine issues of material fact with respect to *his* motion for summary judgment, he did not admit that no material facts were in dispute with respect to the United States' counterclaim. Accordingly, Sawyer's appeal alleges that summary judgment in favor of the United States and dismissal of his complaint, issued *sua sponte*, were improper.

■ Under § 6672, if a corporate employer fails to pay the required withholding taxes, the IRS can assess the taxes due against a responsible corporate officer as a penalty. In order to be found personally liable for withholding taxes not paid to the IRS, a "taxpayer must be a 'responsible person' who 'willfully' fails to collect, account for or pay over a tax due under other provisions of the tax code." *Ruth v. United States*, 823 F.2d 1091, 1093 (7th Cir. 1987) (citations omitted). A person is *responsible* under § 6672 if he retains "control of finances within the employer corporation: the power to control the decision-making process by which the employer corporation allocates funds to other creditors in preference to its withholding tax obligations." *Haffa v. United States*, 516 F.2d 931, 936 (7th Cir.1975). *See also, Monday v. United States*, 421 F.2d 1210, 1214 (7th

Cir.1970), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 ("Liability attaches to those with power and responsibility within the corporate structure for seeing that taxes withheld from various sources are remitted to the Government.") (citations omitted). A person acts *willfully* under § 6672 if his "conduct denotes intentional, knowing and voluntary acts. It may also indicate a reckless disregard for obvious or known risks." *Monday, supra*, at 1215. Recklessness in this context is established if the corporate officer "(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) he was in a position to find out for certain very easily." *Wright v. United States*, 809 F.2d 425 (7th Cir.1987). *See also, Mazo v. United States*, 591 F.2d 1151, 1154 (5th Cir.1979), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54; *Garsky v. United States*, 600 F.2d 86, 91 (7th Cir. 1979).

■ As the taxpayer in a § 6672 assessment case, Sawyer assumes the burden of nonpersuasion with respect to both the responsible person and willfulness issues. *Ruth, supra*, 823 F.2d at 1093. Sawyer concedes that he had sufficient financial control and responsibility at Sawyer Transport to be a responsible person as defined under § 6672. He contests the issue of willfulness and accordingly alleges that genuine material issues of fact with regard to the issue exist, thus precluding summary judgment in the United States' favor.

### III.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Sawyer, in opposition to the motion for summary judgment, is afforded "all reasonable inferences that can be made in [his] favor from the evidence presented." *Kaufman v. Board of Trustees, Community College*, 552 F.Supp. 1143, 1145 (N.D.

Ill.1982); *Black v. Henry Pratt Company*, 778 F.2d 1278, 1281 (7th Cir.1985).

Granting summary judgment sua sponte warrants special caution. Summary judgment may be granted by a district court "for a party without a motion, when the outcome is clear, so long as the opposing party has had an adequate opportunity to respond." *Smith v. DeBartoli*, 769 F.2d 451, 452 (7th Cir.1985), *cert. denied*, 475 U.S. 1067, 106 S.Ct. 1380, 89 L.Ed.2d 606 (1986) (*citing*, *Macon v. Youngstown Sheet & Tube Co.*, 698 F.2d 858, 861 (7th Cir. 1983); *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280–81 (7th Cir.1986). Indeed, we have held that "*sua sponte* dismissals without prior notice or an opportunity to be heard on the issues underlying the dismissal ... 'generally may be considered hazardous.'" *Doe On Behalf of Doe v. St. Joseph's Hospital*, 788 F.2d 411, 415 (7th Cir.1986) (*quoting*, *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F.2d 1194, 1198 (7th Cir.1977), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978)). This hazard exists due to the fact that *sua sponte* dismissals

> ... conflict with traditional adversarial concepts of justice to the extent that they make the district court 'a proponent rather than an independent entity.' ... Second, such dismissals may ultimately waste, rather than economize, judicial resources, by producing appeals and remands that might have been avoided.... [and] Third, *sua sponte* dismissals may prejudice plaintiffs by depriving them of an opportunity to amend their complaints or to argue against the dismissal.

*Doe, supra*, at 415 (citations and footnote omitted). Viewed in this proper perspective, it is clear that dismissing Sawyer's complaint and granting summary judgment *sua sponte* in favor of the United States' counterclaim was in error.

### IV.

■ Sawyer claims that genuine material issues of fact regarding the alleged willfulness of his conduct are in dispute. The issue of willfulness in a § 6672 assessment case "is necessarily directed to the state of

the responsible person's mind, a subjective determination." "This determination is usually factual, and 'if sufficiently controverted, would preclude the granting of a summary judgment on penalty liability.'" *Mazo, supra*, at 1157 (citation omitted). Sawyer contends that he was denied the opportunity to establish and present evidence that: (1) other employees of Sawyer Transport who were responsible for paying the requisite withholding taxes failed to do so; (2) these employees neglected to notify Sawyer of this fact; and (3) Sawyer believed such tax payments were being made by his subordinates.

The present record is without conclusive evidence that Sawyer Transport's financial difficulties led to Sawyer's willful failure to pay withholding taxes. Although Sawyer, in his deposition, noted that there was a conscious policy at Sawyer Transport to disburse the available money among creditors to keep Sawyer Transport operating, only partially satisfying debts, Sawyer did not admit that he instituted a policy of retaining money owed to the IRS as employee withholding taxes for the benefit of other creditors. As a result, evidence of Sawyer's subjective state of mind was not before the district court when it dismissed his claim *sua sponte*.

At this point we do not know whether Sawyer will be able to produce other evidence which will sufficiently establish a lack of willfulness. Sawyer was never given the chance to gather such evidence as further discovery was aborted by the district court's ruling. Indeed, we would be assuming the role of omniscient judges to conclude that, given the opportunity, Sawyer could not submit significant additional evidence. Based on the record before the district court, it does not follow irrevocably or absolutely that Sawyer will not be able to produce evidence to raise a doubt that his conduct was willful and satisfy his burden in opposition to a motion for summary judgment. Sawyer should have been afforded an opportunity to develop his potential defense.

While a typical § 6672 tax assessment case simply involves a taxpayer and the

United States raising opposing allegations on the same issue(s)—whether a taxpayer is a responsible person and/or whether he acted willfully in failing to pay employee income withholding taxes—the case before us is obviously atypical. Sawyer's motion for summary judgment was unusual in that it never raised either of these two issues. Sawyer did not raise the willfulness issue in particular because it was unrelated to his theory in his motion for summary judgment. Although Sawyer retains the burden of nonpersuasion on the issue of willfulness, he was not obligated to raise that issue at the same time as his initial motion. Moreover, we can logically infer that the United States declined to move for summary judgment on the willfulness issue at that point because the evidentiary record was incomplete and genuine issues of material facts could exist.

It would not be improper for a district court to grant summary judgment in favor of the United States in a § 6672 case even where there is an allegation that more than one person had control or responsibility over disbursing withholding taxes to the IRS and the issue of willfulness is contested, so long as viewed in a light most favorable to the taxpayer no genuine issues of material fact exist and the United States is entitled to judgment as a matter of law. Certainly the issue of willfulness is not immune to summary judgment, despite its subjective and factual nature if the evidence with respect thereto is uncontested and only the conclusion is disputed. However, where discovery is incomplete and material facts are in dispute, as exist in this case, summary judgment is inappropriate.

Sawyer should have moved before the district court to vacate the summary judgment order so that he could endeavor to establish a defense on the willfulness issue. Indeed, the hazards of the *sua sponte* dismissals could have been averted by Sawyer's own acumen. However, while we can fault counsel for not raising this motion before the district court, such hindsight does not negate the conclusion that Sawyer must be given an opportunity to establish his defense.

## V.

We conclude that genuine material issues of fact may be in dispute with respect to both Robert Sawyer's complaint and his defense against the United States' counterclaim and we therefore reverse the judgment of the district court *sua sponte* dismissing Sawyer's complaint and granting summary judgment in favor of the United States' counterclaim and order that discovery proceed so that Sawyer may have an opportunity to establish his defense.

The district court order is

REVERSED.