**DeWayne WILLIAMS, Plaintiff,**

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY, Defendant.**

Civ. No. H 89–268.

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 22, 1990.

A. Leon Sarkisian, Merrillville, Ind., for plaintiff.

Paul Rake and John McCrum, Hammond, Ind., for defendant.

### ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Review of Clerk's Taxation of Costs filed by the plaintiff on August 20, 1990. For the reasons set forth below, the Motion is GRANTED.

Federal Rule of Civil Procedure 54(d) provides:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . .

As a general rule, the prevailing party is entitled to recover its costs under Rule 54(d). In *Smith v. DeBartoli*, 769 F.2d 451 (7th Cir.1985), the Court of Appeals stated:

> [W]e have long held that a prevailing party should be awarded costs as a matter of course except under exceptional circumstances. . . . We have recognized only two exceptional circumstances to overcome the presumption that a prevailing party should get costs: (1) when he or she has engaged in some misconduct or other action worthy of penalty or (2) when the losing party is indigent. (citations omitted)

769 F.2d at 453

*See also Morris v. Spratt,* 768 F.2d 879, 884 (7th Cir.1985) ("Nothing in the record demonstrates that the defendant . . . acted in bad faith and hence was not entitled to recover these nonexhorbitant costs."); and *Delta Airlines, Inc. v. Colbert,* 692 F.2d 489, 491 (7th Cir.1982) (The district court must award costs under Rule 54(d) absent "special circumstances almost wholly related to some fault by the prevailing party").

The plaintiff invoked the diversity jurisdiction of this Court under 28 U.S.C. § 1332. In the pretrial order filed on April 3, 1990, the defendant conceded that jurisdiction was present. On April 5, 1990, the

jury returned a verdict in favor of the plaintiff. The defendant did not challenge the diversity jurisdiction until its Motion to Set Aside Judgment for Lack of Subject Matter Jurisdiction and Motion to Dismiss filed on April 19, 1990. After a hearing on July 2, 1990, this Court found that the plaintiff was not a bona fide resident of Illinois at the time the complaint was filed, and the judgment was vacated.

The defendant based its Motion to Set Aside Judgment in part on medical records which showed a Gary, Indiana address for the plaintiff. At the hearing, the defendant's attorney indicated that he "overlooked" the address when reviewing the substantive portions of the medical records during his preparation for trial. Although the defendant had the right to challenge the diversity jurisdiction after the trial, it had ample opportunity during discovery and pretrial preparations to determine the plaintiff's actual residence. The defendant's lack of diligence caused it to incur the expenses which it now seeks to recover and also caused a waste of judicial resources. Under the circumstances, an award of costs to the defendant would be inappropriate.

For the foregoing reasons, the Motion for Review of Clerk's Taxation of Costs filed by the plaintiff on August 20, 1990 is GRANTED. Each party shall bear its own costs for this proceeding.