A. Leon Sarkisian, Merrillville, Ind., for plaintiff.

Paul Rake and John McCrum, Hammond, Ind., for defendant.

**DeWayne WILLIAMS, Plaintiff,**

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY, Defendant.**

Civ. No. H 89–268.

United States District Court, N.D. Indiana, Hammond Division.

Aug. 29, 1990.

ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Sanctions filed by the defendant, Northern Indiana Public Service Company, on August 28, 1990. For the reasons set forth below, the Motion is DENIED.

All too frequently, this Court is confronted with a case which refuses to die a natural death. This is one such case. On June 19, 1989, the plaintiff filed a complaint invoking the diversity jurisdiction of this

Court under 28 U.S.C. § 1332. In the Pretrial Order filed on April 3, 1990, the defendant conceded that jurisdiction was present. On April 5, 1990, the jury returned a verdict in favor of the plaintiff in the amount of $55,250.00. The defendant did not challenge the diversity jurisdiction until its Motion to Set Aside Judgment for Lack of Subject Matter Jurisdiction and Motion to Dismiss filed on April 19, 1990. After a hearing on July 2, 1990, this Court found that the plaintiff was not a bona fide resident of Illinois at the time the complaint was filed, and the judgment was vacated.

After that victory, the defendant apparently decided to take the offensive. On August 13, 1990, the defendant filed a Bill of Costs under Federal Rule of Civil Procedure 54(d) seeking costs in the amount of $3,882.60. On August 20, 1990, the plaintiff filed a Motion for Review of Clerk's Taxation of Costs. In an Order dated August 22, 1990, 131 F.R.D. 676 this Court declined to award costs in favor of the defendant and stated:

> The defendant based its Motion to Set Aside Judgment in part on medical records which showed a Gary, Indiana address for the plaintiff. At the hearing, the defendant's attorney indicated that he "overlooked" the address when reviewing the substantive portions of the medical records during his preparation for trial. Although the defendant had the right to challenge the diversity jurisdiction after the trial, it had ample opportunity during discovery and pretrial preparations to determine the plaintiff's actual residence. The defendant's lack of diligence caused it to incur the expenses which it now seeks to recover and also caused a waste of judicial resources. Under the circumstances, an award of costs to the defendant would be inappropriate.

Order at p. 677

■ Undeterred, the defendant has filed this latest motion seeking sanctions under Federal Rule of Civil Procedure 11. The defendant is correct in stating that a party has the duty to conduct a reasonable investigation into both the facts and the law before filing a pleading. *Beverly Gravel, Incorporated v. DiDomenico,* 908 F.2d 223, 225 (7th Cir.1990); *Samuels v. Wilder,* 906 F.2d 272, 274 (7th Cir.1990); and *Kraemer v. Grant County,* 892 F.2d 686, 689 (7th Cir.1990). Of course, that duty applies both to the plaintiff and to the defendant.

■ In the instant case, the defendant had the opportunity to conduct discovery prior to signing the Pretrial Order and prior to the date of trial. In fact, the defendant's attorney admitted that he had in his possession documents which should have alerted him to the jurisdictional problem. However, the defendant did not raise the jurisdictional issue until after the Pretrial Order was signed and the parties incurred the expenses of trial. Given the history of this case, it is difficult to imagine how the defendant now can claim sanctions.

If the court believes that both parties have violated Rule 11, sanctions may be imposed against both parties. *See generally Melrose v. Shearson/American Express, Inc.,* 898 F.2d 1209, 1216 (7th Cir. 1990). A court also has the authority to impose costs against a party even if the case is dismissed for lack of subject matter jurisdiction. *Cooter & Gell v. Hartmarx Corporation,* —— U.S. ——, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990).

At the July 2 hearing, this Court considered imposing costs against the *defendant* for not raising the jurisdictional issue prior to trial. In an effort to bring this matter to a prompt conclusion, the Court did not instruct the plaintiff to file a bill of costs under Rule 54(d). In retrospect, perhaps that decision was incorrect. Both in theory and in practice, all litigation eventually must come to an end. Rather than reconsidering its decision not to impose costs against the defendant, the current Motion for Sanctions will be denied with the expectation that no additional pleadings will be filed by either party. This case is now ready for its final resting place in the federal archives.

For the foregoing reasons, the Motion for Sanctions filed by the defendant on August 28, 1990 is DENIED.