Carmencita SIMPSON, Plaintiff–
Appellant,

v.

MERCHANTS RECOVERY BUREAU,
INC., doing business as Recoveries
Unlimited, Defendant–Appellee.

No. 98–2004.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 30, 1998.

Decided March 24, 1999.

Daniel A. Edelman, James O. Latturner (argued), Edelman & Combs, Chicago, IL, for Plaintiff–Appellant.

Richard T. Sikes, Jr. (argued), Freeborn & Peters, Chicago, IL, for Defendant–Appellee.

Before FLAUM, KANNE, and EVANS, Circuit Judges.

KANNE, Circuit Judge.

Carmencita Simpson appeals from the district court's *sua sponte* grant of summary judgment in favor of Merchants Recovery Bureau, Inc. ("MRB"). Because Simpson received neither proper notice that the district court was considering en-

tering summary judgment against her, nor a fair opportunity to present evidence in opposition to the entry of summary judgment, we vacate the judgment of the district court and remand the case for further proceedings.

## I. HISTORY

Carmencita Simpson ordered wooden french doors from Builders Square, Inc., and she paid for the doors with a personal check. Three days after she placed her order, Builders Square notified her that it would be unable to fulfill her order. After receiving little assistance from store personnel upon inquiring about Builders Square's refund procedure, Simpson stopped payment on her check. Five months later, Simpson received a letter from Builders Square's debt collector, Recoveries Unlimited, Inc., demanding payment on the stopped check. Recoveries had added a twenty-five dollar service charge to the original amount of the check and threatened criminal prosecution in the event Simpson did not pay the entire amount.

Simpson filed suit against Recoveries and Builders Square,[1] alleging that Recoveries violated certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.*, by adding an unauthorized twenty-five dollar service charge to the actual amount of the claimed debt and by wrongfully threatening criminal prosecution for nonpayment. Her complaint also alleged that Builders Square was vicariously liable for the actions of its debt collector, Recoveries.

Based on her belief that Recoveries was a subsidiary of MRB, Simpson amended her complaint to name MRB as a defendant "doing business as" Recoveries and, therefore, directly liable for Recoveries' actions. In its answer, MRB denied this allegation and Simpson's claim that it performed or was otherwise responsible for

---

1. Builders Square has been dismissed from this appeal.

any of Recoveries's actions in attempting to collect on the stopped check. Rather, MRB maintained that Recoveries was a separate and independent entity and asserted that the only relationship between Recoveries and MRB was contractual. In an attempt to convince Simpson that MRB bore no responsibility for Recoveries's actions and, hence, was not a proper defendant in this case, MRB furnished Simpson a copy of the written contract between MRB and Recoveries, which provided that Recoveries was an independent contractor employed to collect on accounts referred to Recoveries by MRB.

The issue of whether MRB was a proper defendant in this case first arose before the district court in a status hearing soon after MRB filed its answer. At that hearing, Simpson acknowledged that she was aware of MRB's position that it was a separate and independent entity from Recoveries and not responsible for Recoveries' actions. However, Simpson claimed that she had received conflicting information as to the true nature of the relationship between MRB and Recoveries and that she had not been able to confirm that the two were in fact separate entities. During the course of the hearing, MRB notified the court that it planned to move for summary judgment on the issue of whether MRB was a proper party to this suit. In an attempt to facilitate the resolution of this issue short of filing motions for summary judgment, the district court suggested that MRB provide Simpson with materials demonstrating that Recoveries was a separate entity to assist Simpson in unilaterally determining whether MRB was a proper defendant.

At the next status hearing, the parties again discussed whether MRB was a properly named defendant in this case. Simpson acknowledged that she received affidavits from the president of MRB and the owner of Recoveries attesting that MRB and Recoveries were separate and independent entities. Armed with this new information, Simpson sought the court's permission to file an amended complaint to reflect a different theory of liability against MRB. Simpson asserted that it was proper to proceed against MRB under a theory of vicarious liability because her research revealed case law suggesting that a collection agency that hires another collection agency could be held vicariously liable for the actions of the second agency if the agencies shared profits. MRB rejected Simpson's position and reiterated its intent to file for summary judgment, if necessary, on the issue of whether it was a proper defendant in this case. In an apparent second attempt to resolve the issue short of the parties filing motions for summary judgment, the district court directed the parties as follows:

> Well, there ... is one way to resolve [a] dispute about what case law reflects, and that is you are going to provide, before you file or seek to file this proposed Amended Complaint, each counsel is to provide simply a letter to the Court, with copies of course to opposing counsel, citing the cases.... Don't argue them, just cite them. I will read them. I will give you a week to do that.... Make sure those filings are in chambers, because if they get filed down in the Clerk's Office I have no control over when I get them....

As directed, Simpson and MRB submitted letters to the district court. Simpson's submission complied with the court's directive—her letter cited four cases she believed supported an amendment to her complaint to include allegations of vicarious liability against MRB based on Recoveries's actions. In contrast, MRB's letter to the court consisted of four single-spaced pages that included both a "Facts" section and a "Law" section. Despite the court's admonition to "just cite" the relevant cases, not argue them, MRB's letter contained four paragraphs of argument. In addition, MRB appended several exhibits to its letter including: the contract between MRB and Recoveries; the affidavits from the president of MRB and the owner

of Recoveries; correspondence from MRB to Simpson detailing MRB's position concerning the issue of vicarious liability; and an amended complaint from a related case involving another collection action by Recoveries. Simpson immediately moved to strike MRB's letter on the ground that the letter contained argument in direct contravention of the district court's instructions that the parties should submit only a list of cases.

Three days after the letters were submitted to the district court, and two days after Simpson moved to strike, the parties again appeared before the district court. The district court first denied Simpson's motion to strike MRB's letter, concluding that even though MRB's letter contained argument, it did not disadvantage Simpson. The court then proceeded to grant summary judgment *sua sponte* in favor of MRB. The court found that the cases proffered by Simpson did not support a theory of vicarious liability against MRB for Recoveries's actions in light of the court's understanding of the relationship between the two entities. The court relied on the contract, affidavits, and other materials provided by MRB, to conclude that MRB was an independent entity separate and apart from Recoveries and, therefore, not an "appropriate target" in this case.

The district court subsequently ordered that final judgment of dismissal be entered in favor of MRB. On appeal, Simpson challenges the district court's *sua sponte* grant of summary judgment in favor of MRB both on procedural grounds and on the merits.

## II. ANALYSIS

Simpson submits that the district court erred in granting summary judgment *sua sponte* in favor of MRB because the court failed to provide her with adequate notice it was considering granting summary judgment against her and a fair opportunity to present her case in opposition to the entry of summary judgment. We agree on both counts.

 While not encouraged, a district court can enter summary judgment *sua sponte*, or on its own motion, under certain limited circumstances. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Goldstein v. Fidelity & Guar. Ins. Underwriters, Inc.,* 86 F.3d 749, 750 (7th Cir.1996); *English v. Cowell,* 10 F.3d 434, 437 (7th Cir.1993). However, "[g]ranting summary judgment *sua sponte* warrants special caution." *Sawyer v. United States,* 831 F.2d 755, 759 (7th Cir.1987) (emphasis added). As a general rule, a district court lacks the power to grant summary judgment *sua sponte* unless the party against whom summary judgment was entered had (1) proper notice that the district court was considering entering summary judgment and (2) a fair opportunity to present evidence in opposition to the court's entry of summary judgment. *See Celotex,* 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."); *English,* 10 F.3d at 437 ("[I]t is rudimentary that a court cannot *sua sponte* enter summary judgment ... without notifying the parties of its intentions and allowing them an opportunity ... to respond."). Thus, the appropriateness of a district court's grant of summary judgment *sua sponte* turns on proper notice to the adverse party and a fair opportunity to be heard.

### A. Notice

 We first turn to whether the district court provided Simpson with proper notice that summary judgment was being considered. As we have previously stated, the "[e]ntry of summary judgment is improper when it comes as a surprise to the adverse party." *Peckmann v. Thompson,* 966 F.2d 295, 298 (7th Cir.1992). In the present case, neither party had filed a

motion for summary judgment, nor had the district court given any express warning it was considering granting summary judgment in favor of MRB.

Nonetheless, MRB suggests the district court's instruction to submit a list of cases on the issue of vicarious liability, coupled with the fact that MRB informed the court that it planned to move for summary judgment, should have adequately notified Simpson that the court was considering summary judgment. We find this argument unpersuasive and conclude that it was perfectly reasonable for Simpson to presume exactly the opposite.

The district court's directive to the parties to submit a list of cases supporting their respective theories of vicarious liability stemmed from Simpson's intention to amend her complaint to allege that MRB was vicariously liable for Recoveries's collection activities. However, the court gave no indication, explicit or otherwise, that it sought this information from the parties in order to facilitate the summary disposition of Simpson's case against MRB. Rather, the record reveals that the district court sought to resolve the parties' disagreement over the interpretation of relevant case law on the scope of vicarious liability *as a prerequisite to Simpson filing her amended complaint*. Thus, Simpson could reasonably construe the court's actions as yet another attempt to have the parties themselves resolve the issue of whether MRB was a proper defendant in this case short of proceeding to summary judgment. Furthermore, while MRB did indicate to the court that it was prepared to file a motion for summary judgment, the court gave Simpson no indication that it considered the parties' submissions to be the equivalent of motions for summary judgment. In fact, the court explicitly instructed the parties to submit only a list of relevant case citations, without argument or supporting evidentiary materials. Simpson only learned that factual issues would be decided against her when the district court entered its judgment. This result clearly constituted "a surprise to the adverse party"—Simpson. Thus, we cannot say that the district court gave Simpson proper notice of its intention to assess both the legal and factual bases for Simpson's prospective vicarious liability claim against MRB.

### B. *Opportunity To Respond*

█ Even if the district court's actions in this case could be construed as providing proper notice to Simpson, the imposition of summary judgment *sua sponte* was nevertheless improper because the court did not provide Simpson a meaningful opportunity "to come forward with all of her evidence." *See Celotex*, 477 U.S. at 326, 106 S.Ct. 2548. The district court's instructions in this case clearly indicated that the parties' submissions were to be limited to a list of cases supporting their respective positions on the issue of vicarious liability without any accompanying legal argument. Simpson followed the court's instructions and presented a list of cases only—her submission contained no legal argument, factual assertions, affidavits, or other supporting evidentiary materials. In contrast, MRB submitted a letter containing several paragraphs of legal argument, a detailed factual section outlining MRB's position on the nature of the relationship between MRB and Recoveries, and multiple exhibits.

At the hearing during which the district court entered its *sua sponte* grant of summary judgment in favor of MRB, Simpson orally objected to the district court's ruling on the ground that she had not been given an opportunity to argue her theory of vicarious liability and present evidence to oppose summary judgment. In dismissing Simpson's objection, the district court indicated that it had intended to give Simpson an opportunity to respond to MRB's submission, but because "to [the court's] knowledge there [was] nothing beyond the contract to indicate that this [relationship] was somehow a sham, a subterfuge, anything other than what it purported" to be,

the entry of summary judgment *sua sponte* was proper. This was error because the only evidentiary materials before the district court at the time it entered judgment were those submitted improperly by MRB.

■ The district court's *sua sponte* grant of summary judgment in this case deprived Simpson of the opportunity to put before the court evidence sufficient to create a genuine issue of material fact regarding the nature of the relationship between MRB and Recoveries, which she might have been able to establish if a fair chance had been given to her to oppose the entry of summary judgment. Summary judgment may be granted by a district court *sua sponte* only "so long as the opposing party has had an adequate opportunity to respond." *Sawyer*, 831 F.2d at 759 (quoting *Smith v. DeBartoli*, 769 F.2d 451, 452 (7th Cir.1985)); *accord English*, 10 F.3d at 437. As stated, the district court relied solely on the evidentiary materials improperly submitted by MRB, namely the contract and affidavits, to conclude that MRB could not be held vicariously liable for Recoveries's actions under the cases presented by the parties. This runs counter to traditional notions of fairness in summary judgment proceedings because Simpson was not afforded a chance to respond to the factual representations (or legal arguments) contained in MRB's improper submission and the court's conclusions therefrom. *See English*, 10 F.3d at 437 ("The opportunity to respond is deeply imbedded in our concept of fair play and substantial justice."). Furthermore, in contemplating a grant of summary judgment, a district court must construe all facts in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in favor of that party when determining whether a genuine issue of material fact exists. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir.1996). It would be impossible for the district court to have construed *all* the facts in the light most favorable to Simpson in this case when Simpson was never afforded the opportunity to present her account of the facts. She should not now be punished for following the district court's instructions.

MRB nevertheless argues that the district court acted properly in granting summary judgment because there was no genuine issue of material fact as to the nature of the relationship between MRB and Recoveries at the time the court granted summary judgment. MRB points to the fact that it provided Simpson with the affidavits and contract months prior to the court's decision. Instead of coming forward with contradictory evidence to oppose the factual representations contained in the contract and affidavits, Simpson sought leave from the district court to amend her complaint to allege that MRB was vicariously liable for the conduct of Recoveries. By choosing to amend her complaint rather than contest MRB's factual allegations, MRB contends that Simpson purposely chose to rely on the "facts" as presented by MRB when she asserted that MRB could be held vicariously liable for Recoveries's activities. Thus, MRB submits that all that remained was the court's interpretation of the law submitted by the parties and its application to the uncontradicted facts.

MRB's argument goes too far. First, there is no indication in the record that Simpson acquiesced to the characterization of MRB and Recoveries as separate and independent entities. In fact, our review of the record indicates that Simpson repeatedly questioned the nature of the relationship between MRB and Recoveries throughout the entire proceeding before the district court. While it appears likely that Simpson did rely to some extent on the contract and affidavits submitted by MRB to reach her conclusion that MRB was not "doing business as" Recoveries, it does not follow that Simpson should be found to have adopted all the factual representations contained in those documents because she choose not to challenge the

"facts" contained therein at the time she sought to amend her complaint. Because Simpson was not yet required to come forward with facts of her own before the district court, her alleged "failure" to contest the factual allegations contained in MRB's contract and affidavits, despite having those documents prior to the court's entry of judgment, is simply not dispositive of the issue on appeal. As we mentioned earlier, no motion for summary judgment was pending and the first that Simpson knew that factual issues regarding the nature of the relationship between MRB and Recoveries would be decided by the court was when the court entered judgment against her. Accepting MRB's argument would have the effect of depriving Simpson of the opportunity to present to the court factual evidence she had not yet been required to raise.

We therefore conclude that Simpson did not have a meaningful opportunity to come forward with all her evidence and present the court with her account of the facts and the law. While it may well be that summary judgment in favor of MRB will be the ultimate and proper disposition of Simpson's vicarious liability claim, such a determination cannot be made without a fair opportunity for both parties to submit their cases on this issue.

Because of our resolution of Simpson's procedural challenge to the district court's *sua sponte* grant of summary judgment, we need not reach the merits of the parties' arguments concerning the substantive grounds underlying the court's judgment.

### III. CONCLUSION

Simpson received neither adequate notice that the district court was considering granting summary judgment against her nor a fair opportunity to present evidence in opposition to the court's entry of summary judgment. Accordingly, we VACATE the court's entry of summary judgment in

favor of MRB and REMAND the case for further proceedings.