**Daniel LAVEAU, Plaintiff–Appellant,**

v.

**Donald SNYDER, et al., Defendants–Appellees.**

No. 02–2180.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 16, 2003.*

Decided Dec. 16, 2003.

Daniel LaVeau, Pontiac Correctional Center, Pontiac, IL, for Plaintiff–Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

* Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's briefs and the rec-

## ORDER

Illinois inmate Daniel LaVeau sued prison officials and staff at the Pontiac Correctional Center alleging civil rights violations. The district court dismissed LaVeau's fifth amended complaint as frivolous under 28 U.S.C. § 1915A. We affirm.

LaVeau's numerous claims arise out of what he alleges is an ongoing electronic surveillance program occurring at the prison. According to LaVeau, the Illinois Department of Corrections possesses a "sophisticated criminal surveillance intrusive device" that it uses to monitor his unspoken thoughts, manipulate those thoughts so that he is compelled to make "involuntary incriminating statements," and then send a "low-level rebroadcast" of these incriminating statements to the general prison population. The disseminated information, LaVeau asserts, includes false statements that he is a child abductor and murderer. He believes that prison staff and other inmates who hear these broadcasts respond by subjecting him to psychological and physical abuse.

The district court dismissed LaVeau's initial complaint and his first four amended complaints without prejudice and with directions to plead in conformance with the short-and-plain-statement requirement of Fed.R.Civ.P. 8(a). After receiving LaVeau's fifth amended complaint, the district court ordered a video conference to provide LaVeau an opportunity to explain his claims orally. According to the district judge, his court reporter, and his staff, LaVeau was "unintelligible" during the conference. The court subsequently dis-

ord, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

missed the complaint, finding that the events described in LaVeau's written submissions were delusions and that accordingly his action was frivolous. We review the dismissal for abuse of discretion. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir.2002).

We agree with the district court that no reasonable person could find that the events described by LaVeau actually occurred. His allegations of a surveillance device that can read minds and manipulate thoughts are fantastic and delusional, and accordingly LaVeau's complaint was properly dismissed without an evidentiary hearing. *See Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Gladney,* 302 F.3d at 774–75. This appeal based on the same alleged facts is also frivolous. LaVeau now has two strikes under 28 U.S.C. § 1915(g), and if he has another suit or appeal dismissed as frivolous, as malicious, or for failure to state a claim he will be barred from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED.