In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1886
TYRONE C. WILLIAMS,

*Plaintiff-Appellant,*

*v.*

SHERI WAHNER, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:12-cv-02085-MPM-DGB — **Michael P. McCuskey**, *Judge.*

SUBMITTED AUGUST 29, 2013 — DECIDED OCTOBER 1, 2013

Before POSNER, ROVNER, and TINDER, *Circuit Judges.*

POSNER, *Circuit Judge.* The complaint in this pro se prisoner's civil rights suit under 42 U.S.C. § 1983 alleges that the defendants, two officials of an Illinois jail, willfully failed to prevent other inmates from assaulting the plaintiff. In accordance with what appears to be a common practice in the Central District of Illinois, remarked by us in *Budd v. Motley*, 711 F.3d 840, 841–42 (7th Cir. 2013); *Smith v. Knox County Jail*,

666 F.3d 1037, 1039 (7th Cir. 2012); *Riley v. Kolitwenzew*, 2013 WL 1286646, at *1–2 (7th Cir. Apr. 1, 2013); *Myrick v. Anglin*, 496 F. App'x 670, 672, 674 (7th Cir. 2012); *Sousa v. Anglin*, 481 F. App'x 265, 266–67 (7th Cir. 2012); *Kincaid v. Sangamon County*, 435 F. App'x 533, 536 (7th Cir. 2011), and *LaVeau v. Snyder*, 84 F. App'x 654 (7th Cir. 2003), all per curiam, the district judge conducted a telephonic "merit-review hearing" with the plaintiff. This had been done shortly after the complaint was docketed and before any other filings or activity in the case, except the filing and granting of the plaintiff's petition for leave to proceed in forma pauperis, had occurred. On the basis of the hearing, the judge dismissed the complaint for failure to state a claim. He stated that the plaintiff had "no evidence that the guards … had any knowledge of any threat made by the inmate who assaulted him. Plaintiff admitted that the assault came without warning." There is no transcript of the hearing, and no explanation why the judge thought the *guards'* knowledge material; the defendants are not guards, but officials. The dismissal was without leave to amend, and therefore, being a final decision on the merits, with prejudice. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2373, pp. 739–43 and n. 4 (3d ed. 2008).

The procedure employed by the judge was inquisitorial. It resembles the procedure employed by a French *juge d'instruction*, who doubles as judge and investigator, Code de Procédure Pénale, arts. 81, 81-1, 82; Jacqueline S. Hodgson, "The French Prosecutor in Question," 67 *Wash. & Lee L. Rev.* 1361, 1368–69 and nn. 42, 45–48 (2010); Jacqueline Hodgson, "The Role of the Criminal Defence Lawyer in an Inquisitorial Procedure: Legal and Ethical Constraints," 9 *Legal Ethics* 125, 129 (2006), and by similar officials in other

Continental judicial systems. See Abraham S. Goldstein & Martin Marcus, "The Myth of Judicial Supervision in Three 'Inquisitorial' Systems: France, Italy, and Germany," 87 *Yale L.J.* 240, 256–62 (1977). The practice has no basis in American law other than in proceedings before some administrative agencies, and was conducted in this case without any of the safeguards that attend the Continental practice, such as the right to assistance of counsel, see Hodgson, *supra*, at 129–31, and to present and challenge evidence. *Id*. at 131.

What is true is that "the [federal district] court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and if on the basis of this review the judge finds that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," he shall dismiss it. 28 U.S.C. §§ 1915A(a), (b)(1). It is also true that, if skeptical from his reading of the complaint that the plaintiff will be able to prove his case, the judge can on his own initiative institute a summary judgment proceeding, *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 461–62 (7th Cir. 2009); *Simpson v. Merchants Recovery Bureau, Inc.*, 171 F.3d 546, 549 (7th Cir. 1999)—though he must warn a pro se plaintiff that without admissible documentary evidence (as distinct from argument) to support the allegations of the complaint, summary judgment may be granted for the defendant. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 326; *Pactiv Corp. v. Rupert*, 724 F.3d 999, 1001 (7th Cir. 2013); *Simpson v. Merchants Recovery Bureau, Inc., supra*, 171 F.3d at 549; *Lewis v. Faulkner*, 689 F.2d 100, 101–02 (7th Cir. 1982).

Neither procedure (early screening or summary judgment), unlike its Continental counterparts, contemplates an oral examination of a party by the judge designed to elicit answers that will enable the judge to resolve contestable factual issues. If the validity of a claim depends on the accuracy of the plaintiff's factual allegations, as it does in this case, and their accuracy can't be resolved without an oral hearing, it is a matter to be resolved at trial, see, e.g., *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985); *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473 (1962); *United States v. Woolfolk*, 197 F.3d 900, 904 (7th Cir. 1999), in conformity with the procedures that govern trials, none of which the judge employed.

Apart from one case in the Eastern District of Wisconsin, *Whiteside v. Morgan*, 2012 WL 1933703, at *1–2 (E.D. Wis. May 29, 2012), the Central District of Illinois is, as far as we know, the only federal judicial district in the entire country that employs the procedure used in this case—and in *Whiteside* it was used only to clarify the plaintiff's allegations, rather than as a basis for dismissal; in fact the judge did not dismiss the case. Nor to our knowledge has any appellate court endorsed the practice, at least in a published (in the sense of precedential) opinion. Of the cases in this court that we cited earlier, *Budd*, *LaVeau*, *Myrick*, *Kincaid*, and *Smith* mention the practice noncommittally, in the sense of neither approving nor disapproving it; *Sousa* seems critical but does not go so far as to question its legality; *Riley* calls the practice "useful" but is not a published opinion. In all the cases except *LaVeau* we reversed the dismissal of the complaint without relying on the merit-review hearing, so there was no pressing need to consider the legality of the procedure—and in *LaVeau* the basis for dismissal was not anything that had

happened at the oral hearing; it was the delusional character of the allegations in the plaintiff's written submissions.

It is time to end the practice. It is unlawful. But we need to distinguish between the judge's resolving material factual disputes on the basis of his interrogation of the plaintiff, and, as in *Whiteside*, his simply trying to determine what the plaintiff is alleging. Many prisoners can explain themselves orally but not in writing. They may be illiterate in English, or they may simply be such poor writers that they can't convey their thoughts other than orally. So we can understand a judge's wanting to clarify an unclear pro se complaint by interviewing the plaintiff. But the judge must be careful not to allow so innocent an oral examination to molt into a judicial cross-examination designed to elicit admissions (as in: "Plaintiff admitted that the assault came without warning").

When the complaint is unclear rather than patently without merit, an alternative to the oral examination is to dismiss the complaint with leave to amend, though in doing so the judge should explain, for the guidance of the pro se prisoner, what exactly needs to be clarified. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555–56 (7th Cir. 1996); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *Stewart v. Wisconsin*, 2013 WL 149342, at *2–3 (E.D. Wis. Jan. 14, 2013); cf. *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

But the procedure employed in this case was unacceptable. The judgment is therefore reversed and the case remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.