**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2018[*]
Decided March 13, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3933

| | |
|---|---|
| TYRONE C. WILLIAMS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-CV-2085-SEM-TSH |
| SHERI WAHNER, et al., *Defendants-Appellees.* | Sue E. Myerscough, *Judge.* |

**O R D E R**

Tyrone Williams, a former pretrial detainee at the Moultrie County Jail, appeals the dismissal of his civil rights suit against the County, the sheriff, and the jail administrator. The district court dismissed Williams's suit under Federal Rule of Civil Procedure 37(b) for his failure to comply with multiple court orders requiring him to provide initial disclosures and respond to discovery requests. Because Williams does not establish that the district court exceeded its discretion by dismissing his case after

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

he failed to answer any discovery for two and a half years after the initial scheduling order, we affirm the judgment.

Williams alleges that Jail Administrator Sheri Wahner and Sheriff Jeff Thomas, despite knowing the significant risk of other inmates attacking Williams, failed to protect him in violation of the Eighth Amendment. Specifically, he alleges that other inmates planned to injure him because of rumors that he was a snitch, and although he told the defendants about his fears, they failed to intervene. As a result, Williams was attacked three times, the last time requiring him to be hospitalized for a split lip and two knocked-out teeth.

Williams filed suit in March 2012, and the district court held a telephonic "merit-review hearing" with him. The court then dismissed his complaint for failure to state a claim. Williams appealed, and we reversed and remanded because the telephonic "interrogation" was an unacceptable procedure for determining the validity of Williams's claim. *Williams v. Wahner*, 731 F.3d 731, 733 (7th Cir. 2013). On remand, the case was transferred to a different judge. After the defendants were served, Williams survived their motion to dismiss and then filed an amended complaint on April 3, 2014.

On the same day, the district judge entered a scheduling order requiring Williams to provide the defendants with his initial disclosures within 30 days; the defendants had 45 days to provide theirs. The order required Williams to supply: the names of persons with knowledge of the incidents relevant to his claim and a short description of what each person knew; copies of documents that he might use to support his claims; and a statement of injuries he suffered along with the relief he sought. The order included a warning that "[f]ailure to follow the instructions in this order may result in sanctions, including dismissal of this case."

Williams subsequently moved for the court to recruit pro bono counsel for him, explaining that since being released, he could no longer receive the assistance from other inmates that he had previously relied upon. He also explained that his supervised release restrictions made it difficult for him to research his case. The district court, in an order dated August 14, 2014, found Williams's pleadings coherent and therefore deemed him capable of representing himself in the relatively straightforward case. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). The court invited Williams to file another motion with the date his parole was to terminate, and, if he could not obtain permission from his parole officer to go to the library, his parole officer's reasons for denying him permission. Williams later moved for the court to reconsider his request for counsel, but did not include any responses from his parole officer.

The same August 2014 order also granted the defendants' motions to compel Williams's initial disclosures and responses to discovery requests that they had mailed Williams two months earlier. The court also extended the discovery deadline on its own initiative. In October, having received no response from Williams, the defendants filed a motion for a rule to show cause as to why Williams should not be held in contempt for failing to comply with the district court's order. About 10 months later, on August 11, 2015, the district court, noting that Williams had changed addresses, determined that Williams might not have received the defendants' discovery requests and therefore denied the defendants' motion. Indeed, between Williams's release and August 2015, Williams had notified the court of five address changes. The court ordered the defendants to re-serve the discovery requests and directed the Clerk to send Williams another copy of the scheduling order at his newest address. The court ordered Williams to answer the discovery requests "to the best of his ability" and once again extended the discovery deadline.

In October 2015, still having received no disclosures or discovery responses from Williams, the defendants filed a second motion for a rule to show cause. The defendants attached a letter Williams had sent them about two weeks earlier saying that he could not produce the proper documents without the defendants first providing him with the names, contact numbers, or addresses of all officials employed at the Moultrie County Jail during his time of confinement, as well as the names of any and all inmates held at the jail during that time. The defendants replied that his requests were irrelevant, overly broad, and unduly burdensome, and further said they were not obligated to respond to his requests before he responded to theirs. On August 8, 2016, the district court granted the defendants' second motion, and ordered Williams to provide his initial disclosures and discovery responses by September 8. The court noted that at least twice before it had ordered Williams to participate in discovery and also warned him about the possible dismissal of his case if he failed to comply.

By October 7, 2016 the defendants still had received no disclosures or discovery responses from Williams, and they moved for the court to dismiss the case under Federal Rule of Civil Procedure 37(b). Williams filed a response requesting "mercy" because he could not figure out what he was supposed to send. Having reached the boundaries of its solicitousness, however, the district court granted the motion. The court explained that it had ordered Williams to provide discovery multiple times, but he had failed even to attempt to provide his disclosures or answer the defendants' interrogatories. It further noted that even though Williams had stated to the court that

he lacked knowledge of the law, pro se litigants still are required to follow court rules. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). Williams appealed.

Williams's opening brief, as the appellees point out, does not raise a single argument addressing the district court's basis for dismissal. Instead, Williams argues the merit of his claim. He raises a responsive argument only in his reply brief, in which he claims to be completely illiterate and says that although he knew the district court had requested several times that he send documents, the requests used "court terms" and "big words" that he could not understand. To the extent this argument addresses the district court's ruling, Williams waived it by failing to raise it until his reply brief. *See Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002). Moreover, even in the reply Williams does not develop his argument or cite any legal authority to challenge the dismissal. *See* FED. R. APP. P. 28(a)(8)(A) (requiring that appellant's brief include his "contentions and the reasons for them" as well as "citations to the authorities" supporting those arguments); *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013).

But even if we were inclined to overlook the deficiencies in Williams's briefs, we would still conclude the district court's decision to dismiss the case was not an abuse of discretion. *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015) (citing *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005)). Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions, including dismissal, when a party "fails to obey an order to provide or permit discovery." Dismissal as a sanction under Rule 37(b) depends on a finding of the plaintiff's willfulness, bad faith, or fault. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). Here, the district judge did not make an express finding. Although we "strongly encourage" district courts to expressly find willfulness, bad faith, or fault, still "we may infer it, if necessary, from the sanction order itself." *Id.* Either way, we review the finding for clear error. *Id*.

In this case we can discern no clear error in the judge's implicit finding that Williams was, at least, at "fault" for failing to comply. "Fault" in this context does not require a showing of intent, but involves "extraordinarily poor judgment" or "gross negligence" rather than mere "mistake or carelessness." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).

We can easily infer the judge's finding of fault not only because of what she said—that Williams had been given multiple chances to comply with her orders and that there was no reason to believe he would begin to comply—but because of what she did. Specifically, on the mere suspicion that Williams might not have received the first set of discovery requests that he failed to answer, the judge had ordered the defendants

to re-serve those requests and denied their first motion for a rule to show cause. The judge also extended the discovery deadline multiple times without prompting. We doubt the judge would have been so accommodating initially, only to later order the ultimate sanction against Williams without having determined in the interim that his repeated failure to comply with court orders was due to disobedience.

We further note that the initial scheduling order was tailored specifically to pro se litigants: it was comprehensive in summarizing Williams's obligations under the rules but, commendably, also was written in clear, nontechnical language. The court and the defendants provided Williams with this order multiple times. The judge was within her discretion to conclude that Williams's failure to respond was not explainable without a level of fault, if not outright willfulness, on Williams's part.

Accordingly, the judgment is AFFIRMED.